No. 47,966

State of Kansas, *Appellee*, v. David Jackson, *Appellant*.

(543 P. 2d 901)

Opinion filed December 13, 1975.

*Robert A. DeCoursey*, of Kansas City, argued the cause, and *Thomas De-Coursey*, of Kansas City, was with him on the brief for the appellant.

*Dennis L. Harris*, assistant district attorney, argued the cause, and *Curt T. Schneider*, attorney general, and *Nick A. Tomasic*, district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

Foth, C.: This is an appeal from a conviction of three counts of aggravated robbery in violation of K. S. A. 21-3427.

On February 23, 1974, three men entered Nelson's Pharmacy in Kansas City, Kansas, and at least two of the three were armed with handguns. After ordering those present onto the floor, the trio robbed the pharmacist on duty of money, drugs, and some deposit slips, all belonging to the pharmacy. In addition, money was taken from a customer, and money and a pocketknife from an employee.

An automatic silent alarm alerted the police who, with the aid of a *Kansas City Star* reporter present outside the building for an unrelated reason, were able to trace two of the men to a shed in a nearby alley. Appellant David Jackson and a companion were promptly arrested in that shed less than a block from the pharmacy.

A search incident to the arrest turned up two small caliber handguns; the pocketknife, three deposit slips and $123.25 in cash were found in appellant's shirt pocket.

Appellant urges five points of error:

I. It is alleged that the trial court erred in failing to sequester the jury. No request for sequestration was made at trial. Actual prejudice is neither alleged nor disclosed by the record. The mere possibility of prejudice is suggested because one of the witnesses was the reporter, who might have written something about the trial, which some of the jurors might have seen.

In *State v. Platz,* 214 Kan. 74, 76, 519 P. 2d 1097, this court refused to hear a challenge to a fair trial when the "bald assertion of possible prejudice [was] unsupported by the record" and the defense had neither objected below nor asked for a change of venue. Similarly, in *State v. Eldridge,* 197 Kan. 694, 421 P. 2d 170, cert. den. 389 U. S. 991, 19 L. Ed. 2d 483, 88 S. Ct. 486, this court found no prejudice even though newspaper reporting of the trial was so comprehensive as to include statements by the county attorney that certain of defendant's witnesses would be cited for perjury. In that case no evidence was presented to show any juror was cognizant of or influenced by the reports, and the jury was presumed to have followed the court's "admonition." A proper admonition was given in this case and we reach the same conclusion.

II. Appellant next complains that he was charged three times with the same crime; in other words he contends that the robbery was only one transaction. The contention is without merit.

K. S. A. 22-3202 provides:

"(1) Two or more crimes may be charged against a defendant in the same complaint, information or indictment in a separate count for each crime if the crimes charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."

While the incident here was one overall transaction, three separate robberies were committed with property of three different persons being taken by threat of bodily harm against three separate individuals.

As appellant correctly points out, the test to be applied in determining identity of offenses is "whether each requires proof of a fact which is not required by the others." (*State v. Pierce, et al.,* 205 Kan. 433, 469 P. 2d 308, Syl. ¶ 3.) In that case, which involved

extortion charges, counts were quashed which charged exactly the same crime against the *same victim.* Unlike *Pierce,* this case involves three victims, each of whom was robbed, and the evidence required to prove the crime is different as to each. Three separate counts were therefore proper. Cf. *State v. Bradley,* 215 Kan. 642, 527 P. 2d 988.

III. Appellant alleges that he was denied a fair trial because the prosecution sought to introduce evidence which he claims it knew to be inadmissible, namely the three deposit slips taken from the druggist. The claim is one of prosecutorial misconduct.

The testimony shows that the three deposit slips were taken from the druggist in the robbery and were found on the person of appellant by the arresting officers. The police returned them to the druggist, who kept them until he brought them to court. No identification marks were ever placed on the slips, however, making it impossible for the police officers to positively identify them. As a result, the trial court found the evidentiary foundation insufficient and refused to admit the slips into evidence.

A similar claim of prosecutorial misconduct was considered in *State v. Campbell,* 210 Kan. 265, 500 P. 2d 21, where the complaint centered on the prosecutor's opening statement. We stated:

"Proof which the prosecuting attorney anticipates in the trial of a case frequently fails to come up to expectations, and so the tendency is to permit a prosecuting attorney a reasonable latitude in stating to the jury the facts he proposes to prove. Where no substantial prejudice results, and there is nothing to show that the prosecuting attorney acted in bad faith, appellate courts usually refuse to reverse or remand a case for a new trial because of a reference by the prosecuting attorney to matters which he subsequently made no attempt to prove, or for one reason or another was unable to prove." (P. 279.)

In this case, while the state may have been aware of potential objections to the evidence, it is impossible to find bad faith on its part. The slips were returned to the druggist and he in turn brought them to court. There was every reason to believe they would be routinely admitted into evidence; indeed, no objection was made by the defense to any of the identifying testimony. The excluded evidence was not inherently inflammatory and the references to it were not prejudicial. The charge of prosecutorial misconduct is not sustained.

IV. Appellant next objects to the giving of what amounts to an aiding and abetting instruction when the defendant was charged as a principal. The instruction, which is essentially PIK-Criminal 54.05, was as follows:

"Two or more persons may participate in the commission of a crime. A person is responsible for the conduct of another when either before or during the commission of a crime, and with the intent to promote or assist in the commission of the crime, he intentionally aids or advises the other to commit the crime. All participants in a crime are equally guilty, without regard to the extent of their participation."

In the absence of this instruction the jury might have thought that the state had to show that it was Jackson who personally held a gun on each of the three victims while taking property from them. Such proof was impossible in this case since the victims could not identify any of the robbers and were consequently unable to say which robber took what property from whom. The law did not require that impossible showing since all participants in the crime were equally guilty regardless of the role played by each. *State v. Jackson*, 201 Kan. 795, 443 P. 2d 279; *State v. Turner*, 193 Kan. 189, 392 P. 2d 863. The giving of the instruction was not error. Cf. *State v. Sharp*, 202 Kan. 644, 451 P. 2d 137.

V. Finally, appellant asserts that he was, denied the effective assistance of counsel. The charge is that court-appointed counsel spent his energies running for political office instead of defending his client.

This court has often held that "the bald assertion of petitioner standing alone is insufficient to raise a substantial issue of fact as to the inadequacy of counsel." (*Wisely v. State*, 201 Kan. 377, 378, 440 P. 2d 632.) See also, *Peterson v. State*, 215 Kan. 253, 524 P. 2d 740; *Winter v. State*, 210 Kan. 597, 502 P. 2d 733. With one exception appellant, represented on this appeal by counsel other than trial counsel, suggests no specific step either taken or omitted which might indicate inadequate representation by trial counsel. The exception is an assertion that his attorney "refused" to let him take the stand. Of course, the decision to testify or not is ultimately one for the client and not the lawyer. *Winter v. State*, supra; ABA Standards for Criminal Justice, Defense Function, § 5.2, p. 162. The record, however, is barren of any indication that appellant sought to testify but was prevented from doing so; his "bald assertion" to the contrary is insufficient. We conclude that the claim of inadequate representation is not supported by the record.

The judgment is affirmed.

APPROVED BY THE COURT.