No. 50,186

STATE OF KANSAS, *Appellee,* v. EDWIN R. EGBERT, *Appellant.*

(606 P.2d 1022)

Opinion filed March 1, 1980.

*Russell Shultz,* of Shultz, Fry & Fisher, of Wichita, argued the cause, and *Craig Shultz,* of the same firm, was with him on the brief for the appellant.

*Gregory L. Waller,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, *Vern Miller,* district attorney, *Stuart W. Gribble* and *Alan G. Metzger,* both assistant district attorneys, were with him on the brief for the appellee.

The opinion of the court was delivered by

MILLER, J.: This is a direct appeal in a criminal case by Edwin R. Egbert who was found guilty by a jury of murder in the second degree, K.S.A. 21-3402, as a lesser included offense of the charged crime of first degree murder. He was sentenced to imprisonment for a term of not less than five years nor more than life. He claims that the trial court erred in its jury instructions and in the admission of certain evidence.

The defendant and the victim, Janet Egbert, were married in 1965 and had one child who was 9 years old at the time of this tragedy. Marital problems had arisen. On the evening of January 3, 1978, Janet left the home about 6:30 o'clock p.m. with a friend, Debra Garner. They went to Debra's parents' house for dinner, then stopped at a local bar, the homes of some friends, and their place of employment, all for short visits. Meanwhile, the couple's minor child became ill, and defendant unsuccessfully tried to locate his wife. Moments after Janet returned home, about 11:30 o'clock p.m., she was shot in the back, resulting in her immediate death. Upon trial, the defendant contended that Janet stumbled over her purse, and in attempting to arise from the floor, she grabbed hold of defendant's loaded gun, which discharged accidentally.

Defendant first contends that the court erred in refusing to instruct the jury that intent to kill is a necessary and material element of murder in the second degree. The trial court instructed the jury in accordance with PIK Crim. 56.03, telling them that to establish a charge of murder in the second degree the following claims must be proved: that the defendant killed Janet Egbert; that such killing was done maliciously; and that the act was done on a certain day in Sedgwick County, Kansas. The trial court followed this with the definition of "maliciously," following PIK Crim. 56.04, stating that "maliciously" means willfully doing a wrongful act without just cause or excuse. That was followed by a definition of "willfully," meaning conduct that is purposeful and intentional, and not accidental. Similar instructions were approved in *State v. Sparks,* 217 Kan. 204, 210, 535 P.2d 901 (1975). The court need not put all of the instructions in one; definitions may properly be assembled and given in an orderly fashion. From a fair reading of the instructions given we are convinced that the jury could not have been misled. Murder in the second degree was properly defined and instructed upon.

Defendant next contends that the trial court erred in giving instruction 5 which followed PIK Crim. 54.01, as follows:

"There is a presumption that a person intends all the natural and probable consequences of his voluntary acts. This presumption is overcome if you are persuaded by the evidence that the contrary is true."

Defendant contends that this instruction could have been interpreted by the jury as either a conclusive presumption on the issue of intent, or as a burden-shifting presumption, in violation of the rationale of *Sandstrom v. Montana,* 442 U:S. 510,61 L.Ed.2d 39, 99 S.Ct. 2450 (1979). Trial was held on May 9, 1978; *Sandstrom* was not decided until June 18, 1979. PIK Crim. 54.01 was discussed at length by our Court of Appeals in the light of *Sandstrom* in the recent case of *State v. Acheson,* 3 Kan. App. 2d 705, 601 P.2d 375 (1979), and we need not repeat what was there said. We hold that the two-sentence instruction given creates "a permissive presumption and does not shift the burden of proof to the defendant," as concluded by the Court of Appeals. (p. 715.)

Defendant next contends that the trial court erred in refusing to instruct the jury that the State is required to negate accident by proof. Defendant proposed an instruction based upon what was

said in *State v. Doyle,* 201 Kan. 469, 478, 479, 441 P.2d 846 (1968). This issue is controlled adversely to the contentions of the defendant by our recent discussion of the subject in *State v. Henderson,* 226 Kan. 726, 732-733, 603 P.2d 613 (1979). The jury was properly instructed on the State's burden to prove guilt beyond a reasonable doubt. We find no error.

Defendant next contends that the copies of the trial court's instructions which were submitted to the jury were incomplete in that instructions numbered 3 and 10, in the set of instructions which the judge filed with the clerk of the district court, were found to be blank pages. The reporter's notes conclusively show, and counsel admit, that all of the instructions were given orally to the jury. Also, counsel were given complete copies of the court's instructions for use during oral argument. Xeroxed copies were made of the instructions, and each juror was furnished with a set of instructions; whether those copies included instructions 3 and 10, or whether those two were omitted from the copies given to the jurors because of some malfunction of the copying machine or otherwise, is not disclosed by the record before us. There is no contention that the copy which was eventually filed with the clerk was one of the copies submitted to the jury. The appellant has the burden not only to show error, but to establish that the error resulted in substantial prejudice. Error is not presumed; the burden is upon the appellant to demonstrate it. In the absence of a record showing prejudicial error, an appellate court must assume that the action of the trial court was proper. See *State v. Holt,* 223 Kan. 34, 45, 574 P.2d 152 (1977); *State v. Freeman,* 216 Kan. 653, 533 P.2d 1236 (1975).

In the case before us there is no evidence from which this court can conclude that the copies of the instructions given to the jurors were incomplete. Accordingly, we find no error. The trial courts are not required by statute or rule to furnish separate instructions for each juror; ordinarily, the original set of instructions which the court reads to the jury is then handed to the jury for its use in the jury room. Either procedure is proper.

Finally, with regard to instructions, the defendant contends that the trial court erred in failing to instruct upon reasonable doubt, circumstantial evidence, surmise and speculation, character, and motive. The record indicates that the trial court instructed fully on the first three: reasonable doubt, circumstantial evidence,

and surmise and speculation. While there were no explicit instructions regarding motive or character evidence, no separate and specific instructions on these subjects were required. The jury was instructed that they might consider as evidence whatever was admitted in the trial as a part of the record. We conclude that the instructions as a whole were fair, that they properly submitted the issues to the jury, and that they were free from prejudicial error.

Defendant next contends that the trial court erred by allowing the State to introduce a conversation which had been ruled inadmissible in a *Jackson v. Denno* hearing. At that hearing the court ruled that a statement to the effect that "[j]ealousy is a terrible thing," made by the defendant to officers after he had been given the *Miranda* warnings, was admissible. The State used that statement during cross-examination of the defendant. In response to questioning about that statement, the defendant responded that he had told the officers, "Don't ever let your wives go to work." Apparently defendant had made a similar statement to the officers during questioning, which statement the court had ruled inadmissible at the *Jackson v. Denno* hearing. The State, in its questioning of the defendant before the jury, did not violate the trial court's *Jackson v. Denno* ruling. We find no error.

Defendant next contends that the court erred in admitting testimony which was too remote to be relevant. The testimony in question was given by Don Liming, who was employed at the same store in which Janet worked; they frequently rode to and from work together. Liming testified in substance that in November, some six weeks before Janet's death, the defendant accused Liming of having an affair with Janet; defendant threatened to split Liming's head open; and he told Janet to pack up her clothes and leave. On the fatal night defendant called Liming and inquired as to Janet's whereabouts; Liming had not seen her that evening; defendant said that Janet's clothes would be on the front porch when she returned. Though there was testimony that defendant and his wife had patched things up after the November occurrence, we cannot say that the testimony was not relevant. It has some probative value in determining motive. Under our rules of evidence, K.S.A. 60-407(f), all relevant evidence is admissible. The prosecutor alluded to this evidence in his opening statement, and thus it did not come as a surprise to the defendant when the

testimony was elicited. The trial court did not abuse its discretion under K.S.A. 60-445 in admitting this evidence.

Finally, defendant contends that the trial court erred in permitting the prosecutor, during cross-examination of the defendant, to ask the defendant to demonstrate to the jury how he contended Janet was shot, and in permitting the prosecutor to demonstrate the defendant's version during closing argument. Defendant cites no authorities for his objection to this demonstration. In *State v. Robinson,* 516 S.W.2d 40 (Mo. App. 1974), the prosecution asked the defendant to demonstrate the position of the parties during the fatal scuffle in accordance with his prior testimony on direct examination. The Court of Appeals held that this was within the scope of direct testimony and did not violate the defendant's guarantee of freedom from self-incrimination. For similar cases where demonstrations made by defendant as a witness were held admissible, see Annot., Evidence - Re-enactment of Crime, 100 A.L.R.2d 1257, 1261. The re-enactment here requested was simply to demonstrate how defendant contended the shooting occurred. The defendant had testified in detail as to the occurrence during his direct testimony. The requested re-enactment was not beyond the scope of defendant's direct testimony and did not violate his constitutional guarantee against self-incrimination. It constituted a proper part of his cross-examination. We find no error.

The judgment of conviction is affirmed.