No. 52,080

STATE OF KANSAS, *Appellee,* v. WILLIE CLYDE ROBINSON, RICKY D. LLOYD and STEVEN CLARK, *Appellants.*

(624 P.2d 964)

Opinion filed February 28, 1981.

*Jeffrey A. Chubb,* county attorney, argued the cause and *Robert T. Stephan,* attorney general, and *Paul D. Oakleaf,* former county attorney, were on the brief for the appellee.

*Stanley L. Basler,* of Cherryvale, argued the cause and was on the brief for appellant Willie Clyde Robinson, *Robert C. Claus,* of Crossan & Claus, of Independence, argued the cause and was on the brief for appellant Ricky D. Lloyd, and *Bruce E. Borders,* of Independence, argued the cause and was on the brief for appellant Steven Clark.

The opinion of the court was delivered by

HERD, J.: Willie Clyde Robinson appeals his jury conviction of aggravated sodomy (K.S.A. 21-3506) and robbery (K.S.A. 21-3426). Steven Clark and Ricky D. Lloyd appeal their convictions of aiding and abetting aggravated sodomy (K.S.A. 21-3205 and K.S.A. 21-3506) and attempted aggravated sodomy (K.S.A. 21-3301 and K.S.A. 21-3506). Their convictions resulted from accusations of Kenneth Finkle while the four were prisoners in the Montgomery County Jail.

On September 14, 1979, and during the early morning hours of September 15, 1979, five prisoners were confined in the east cell block of the Montgomery County Jail in Independence. They were Finkle, the three defendants, Robinson, Lloyd and Clark, and one Kenneth Cresswell, a male weighing over 200 pounds. This area of the jail has a "tank" or open area available to all inmates which contains a table and the toilet and shower facilities. The east cell block which opens into the "tank" contains four cells with two or more bunks. Cresswell occupied cell four, with Finkle in cell three and the three defendants in cells one and two. The cells were all unlocked, open and available to all the inmates.

Finkle testified that while he was lying in his bunk, Robinson

entered his cell and made sexual overtures to him. He remained in his bunk, ignoring Robinson. Robinson persisted, describing the amount of money a prisoner could make as a homosexual and asked Finkle if he would submit to his requests for sex or be unnecessarily beaten. Obtaining no response from Finkle, Robinson left the cell and returned a few minutes later with Clark and Lloyd. He then repeated his earlier statements with threats to beat Finkle up or kick in his ribs and gave him five minutes for a decision. Neither Clark nor Lloyd made any comment during Robinson's conversation. The three then left Finkle's cell. Finkle went next door to Cresswell's cell; Clark was there also. Finkle asked Clark if they were really serious with their threats. Clark did not answer the question. Finkle made no attempt to awaken Cresswell, who was asleep in his bunk. While Finkle was standing in the doorway of Cresswell's cell, Robinson and Lloyd returned. Robinson asked him if he had made up his mind. Upon Finkle's negative response, Robinson said, "[D]on't make me ask you again." Finkle then acceded to Robinson's demands because of his threats, menacing gestures and aggressive appearance. Finkle testified he was not frightened by Lloyd. The four went to Finkle's cell where Finkle changed his mind and again refused to cooperate. Clark kicked him in the chest and Robinson slapped his face. Lloyd didn't say or do anything. Clark and Lloyd left the cell and Robinson remained. When Finkle removed his trousers, Robinson demanded his money, amounting to about $9, which was later returned. He also took some of Finkle's candy bars. Robinson had anal intercourse with Finkle and later put on his clothes and departed. Finkle took a shower. When he returned to his cell, Robinson, Clark and Lloyd walked toward him. He heard one of them say, "These two haven't had a chance." Both Clark and Lloyd made attempts at anal intercourse with Finkle but failed to consummate the acts and left. Lloyd had said something about "faking" it. In the morning, Finkle notified the jailer what had happened. This prosecution followed.

The appeals of Clark and Lloyd will be disposed of first. These defendants challenge the sufficiency of count IV of the information under which they were charged and convicted of aiding and abetting aggravated sodomy. Count IV of the information is the challenged count; it provides:

"THAT heretofore and to-wit on or about the 15th day of September, 1979, at

and within the County of Montgomery and State of Kansas, the above named defendants RICKY LLOYD and STEVEN CLARK jointly and together then and there being, did then and there wilfully, wrongfully, unlawfully, feloniously, knowingly and intentionally, aid and abet Willie Robinson in the commission of a felony as defined by K.S.A. 21-3506 all contrary to K.S.A. 21-3205 and K.S.A. 21-3506 and against the peace and dignity of the State of Kansas."

Clark and Lloyd contend the information is defective because it does not contain the elements of the offense of aggravated sodomy; the specific acts upon which the charge is based are not stated; the defendants are not sufficiently apprised of the charges which each must be prepared to meet; the charge is not detailed enough to assure against double jeopardy.

This is a crucial issue to the prosecution of Clark and Lloyd because we have held on numerous occasions that in a prosecution for a felony, the indictment or information is the jurisdictional instrument upon which an accused stands trial. A conviction based upon an information which does not sufficiently charge the offense for which the accused is convicted is void. See *State v. Howell & Taylor*, 226 Kan. 511, 513-514, 601 P.2d 1141 (1979); *State v. Daniels*, 223 Kan. 266, 573 P.2d 607 (1977); *State v. Minor*, 197 Kan. 296, 416 P.2d 724 (1966).

We have also held if the allegations in an information fail to constitute an offense in the language or meaning of the applicable statute, the information is fatally defective. *State v. Doyen*, 224 Kan. 482, 580 P.2d 1351 (1978); *State v. Bishop*, 215 Kan. 481, 524 P.2d 712 (1974). In determining the sufficiency of an information, it is not necessary to allege the exact words of the statute but the meaning must be clear as determined by the guidelines of K.S.A. 22-3201(2), which states:

"The complaint, information or indictment shall be a plain and concise written statement of the essential facts constituting the crime charged, which complaint, information or indictment, drawn in the language of the statute, shall be deemed sufficient. The precise time of the commission of an offense need not be stated in the indictment or information; but it is sufficient if shown to have been within the statute of limitations, except where the time is an indispensable ingredient in the offense. An indictment shall be signed by the foreman of the grand jury. An information shall be signed by the county attorney, the attorney general, or any legally appointed assistant or deputy of either. A complaint shall be signed by some person with knowledge of the facts. Allegations made in one count may be incorporated by reference in another count. The complaint, information or indictment shall state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged to have violated. Error in the citation or its omission shall be not ground for dismissal of

the complaint, information or indictment or for reversal of a conviction if the error or omission did not prejudice the defendant."

*State v. Washington,* 226 Kan. 768, 772, 602 P.2d 1377 (1979); *State v. Lucas,* 221 Kan. 88, 89, 557 P.2d 1296 (1976).

Clearly, neither the elements of aggravated sodomy (K.S.A. 21-3506) nor the name of the victim is alleged in count IV of the information and none of the allegations in other counts of the information are incorporated therein by reference. The omissions in the information prejudiced these defendants because they were not adequately apprised of the offense with which they were charged. The information is therefore fatally defective and the convictions of aiding and abetting the crime of aggravated sodomy are void.

Clark and Lloyd also challenge the sufficiency of evidence to support their convictions of attempted aggravated sodomy. As none of the defendants took the stand in their defense, we are left with the testimony of Finkle. Finkle testified Clark attempted to achieve an erection but could not. Clark then whispered to Finkle that he "couldn't do it." Finkle testified Lloyd also tried to achieve an erection and could not. Lloyd also said he wasn't able to complete the act and would, therefore, "fake it" instead.

The standard of review on appeal to judge the sufficiency of evidence to support a conviction recently set forth in *State v. Peoples,* 227 Kan. 127, 133, 605 P.2d 135 (1980), is:

"Does the evidence when viewed in the light most favorable to the prosecution convince the appellate court that a rational factfinder could have found the defendant guilty beyond a reasonable doubt? (Citations omitted.) In considering the sufficiency of evidence to sustain a conviction, this court looks only to the evidence in favor of the verdict, it does not weigh the evidence and if the essential elements of the charge are sustained by any competent evidence the conviction must stand."

The testimony of Kenneth Finkle is sufficient to support a conviction of attempted aggravated sodomy. Although Clark and Lloyd were unable to complete the act, Finkle clearly testified both men attempted to penetrate him, but were unable to do so. It was only *after* Lloyd and Clark found they could not achieve erections that there was some discussion of "faking it." The convictions of attempted aggravated sodomy must stand. The remaining issues presented by Clark and Lloyd are answered in our discussion of the appeal of defendant Robinson.

Let us now turn to the appeal of Willie Clyde Robinson. He

first contends the evidence was insufficient to support his convictions of aggravated sodomy and robbery. Applying the test on appeal stated above, we find the conviction amply supported by the testimony of Kenneth Finkle. That testimony stands clear and uncontroverted and the conviction must stand.

Defendant next maintains the trial court erred in giving the following instruction, PIK Crim. 54.01 (1979 Supp.):

"Ordinarily a person intends all of the usual consequences of his voluntary acts. This inference may be considered by you along with all the other evidence in the case. You may accept or reject it in determining whether the State has met the burden to prove the required criminal intent of the defendant. This burden never shifts to the defendant."

This is a revision of PIK Crim. 54.01, which read:

"There is a presumption that a person intends all the natural and probable consequences of his voluntary acts. This presumption is overcome if you are persuaded by the evidence that the contrary is true."

The latter instruction was approved in *State v. Egbert,* 227 Kan. 266, 267, 606 P.2d 1022, *cert denied* 449 U.S. 965 (1980), amid claims similar to those presented here that the instruction created "either a conclusive presumption on the issue of intent, or as a burden-shifting presumption, in violation of the rationale of *Sandstrom v. Montana,* 442 U.S. 510, 61 L.Ed.2d 39, 99 S.Ct. 2450 (1979)." That instruction was later revised pursuant to the call for improvement voiced by the Court of Appeals in *State v. Acheson,* 3 Kan. App. 2d 705, 716, 601 P.2d 375, *rev. denied* 227 Kan. 927 (1979). The Court of Appeals stated the instruction "should be altered to make it crystal clear that it is only a permissive inference, leaving the trier of facts free to consider or reject it, and does not shift the burden from the State to prove every element of the crime." The revised instruction speaks of an "inference" rather than a "presumption," clearly lessening its possible effect on the minds of the jury. In addition, the revised instruction ends with, "this burden never shifts to the defendant," thereby eliminating any possibility the jury might think otherwise. The revised instruction was approved in *State v. McDaniel & Owens,* 228 Kan. 172, 180, 612 P.2d 1231 (1980). See generally *State v. Costa,* 228 Kan. 308, 320, 613 P.2d 1359 (1980). We find the revised instruction clearly establishes only a permissive inference and does not create a burden-shifting presumption in violation of *Sandstrom.*

All three defendants contend the court erred in refusing to instruct the jury on the lesser included offense of lewd and lascivious behavior. K.S.A. 21-3508. Although the briefs are not clear on this point, it would appear defendants maintain lewd and lascivious behavior is a lesser included offense of either sodomy or aggravated sodomy.

This court previously established that lewd and lascivious behavior is not a lesser degree of aggravated sodomy in *State v. Gregg,* 226 Kan. 481, 602 P.2d 85 (1979). As to the crime of sodomy, we note the following from *State v. White & Stewart,* 225 Kan. 87, Syl. ¶ 11, 587 P.2d 1259 (1978):

"It is the duty of a trial court to instruct the jury not only as to the crime charged but as to all lesser crimes of which the accused might be found guilty *under the charge and upon the evidence presented.* This duty persists whether the instruction is requested or not, and even though there is an objection to it." (Emphasis supplied.)

The information contained the following charges: aggravated sodomy, attempted aggravated sodomy, aiding and abetting aggravated sodomy, assault, battery and robbery. None of the defendants were charged with sodomy and clearly, the charged crimes determine whether lesser crimes could arise. Therefore, the judge was under no obligation to consider whether lewd and lascivious behavior is a lesser included offense of sodomy.

Robinson next contends the trial court erred in failing to admonish the jury to disregard certain courtroom conduct of his. During the course of the trial Robinson quarreled with and cursed certain court personnel. It is not clear whether or not the acts were in the presence of the jury. No evidence was offered to establish the facts. The issue comes to us on the bare assertion of the defendant that he was prejudiced. We have repeatedly refused to hear a challenge to a fair trial when the "bald assertion of possible prejudice was unsupported by the record." *State v. Jackson,* 218 Kan. 491, 492, 543 P.2d 901 (1975); *State v. Platz,* 214 Kan. 74, 519 P.2d 1097 (1974). The decision whether to admonish a jury lies within the sound discretion of the trial court. Absent a showing of abuse, the decision will stand. There is no showing of abuse. Even if the evidence clearly showed Robinson's acts occurred in the presence of the jury, this court would not look with favor upon a claim of prejudice. A defendant who freely and voluntarily discloses his uncomplimentary nature to the jury cannot complain of prejudice he brought upon himself.

Robinson next complains the trial court erred in refusing to grant him a separate trial. He argues the fact the charges are highly repugnant, repulsive and inflammatory and the victim and jury are white and all defendants are black creates sufficient prejudice to support severance. The question of severance was discussed at length in *State v. Myrick & Nelms,* 228 Kan. 406, 415-417, 616 P.2d 1066 (1980). In that case, we set forth the usual grounds for severance. Those rules need not be repeated herein. We note defendant's contention is not one of the usual grounds for severance and we rejected a similar claim in *Myrick & Nelms* at page 416. We find no abuse of discretion in refusing to grant Robinson's motion for severance.

Defendant Robinson next complains the trial court erred in denying his motion for a bill of particulars. A bill of particulars cannot cure a defect in an information. It can be used only where the information sufficiently sets forth the charges. 41 Am. Jur. 2d, Indictments and Informations § 165, p. 983. The charges against Robinson were adequately set forth in the information, contrary to our decision as to count IV of the information against Clark and Lloyd. There was also a complete preliminary hearing held in this case. Defendant's motion for a bill of particulars was filed a month thereafter. All of the questions to which defendant sought answers were answered in the preliminary hearing. The trial court correctly exercised its discretion and denied the motion. See *State v. Hill,* 211 Kan. 287, 296, 507 P.2d 342 (1973).

Robinson contends the trial court erred in excluding evidence of the prior drug-related conviction of Kenneth Finkle. Defendant claims Finkle's prior conviction is admissible under K.S.A. 60-455 or 60-421. We fail to see any relevancy or materiality to the requested evidence. It does not tend to establish Finkle's consent to the acts complained of and does not tend to show his condition on the night he was attacked. Additionally, evidence of the conviction is not admissible to test Finkle's credibility. We stated in *State v. Crowley,* 220 Kan. 532, 536, 552 P.2d 971 (1976):

"Drug offenses *per se* do not involve dishonesty or false statement in their commission; hence, K.S.A. 60-421 renders convictions for those offenses inadmissible for the purpose of impairing the credibility of a witness."

The trial court properly excluded the evidence.

We have considered the remaining issues presented by defendant Robinson and find them to be without merit.

The judgment of the trial court is affirmed as to Willie Clyde Robinson, and as to Ricky D. Lloyd and Steven Clark on the convictions of attempted aggravated sodomy. The judgment of the trial court is reversed as to Clark's and Lloyd's convictions of aiding and abetting aggravated sodomy.