(687 P.2d 35)

No. 56,208

CHARLES KIRTDOLL, *Appellant*, v. STATE OF KANSAS, *Appellee*.

Petition for review denied November 9, 1984.

Opinion filed September 13, 1984.

*Gary Ellis,* of Manhattan, for appellant.

*Gregory C. Kieffer,* assistant county attorney, and *Robert T. Stephan,* attorney general, for appellee.

Before BRISCOE, P.J., ABBOTT and SWINEHART, JJ.

ABBOTT, J.: The petitioner, Charles Kirtdoll, appeals from the denial of his motion for relief under K.S.A. 60-1507.

Defendant was convicted prior to the United States Supreme Court decision in *Sandstrom v. Montana,* 442 U.S. 510, 61 L.Ed.2d 39, 99 S.Ct. 2450 (1979). He raises the same issue concerning PIK Crim. 54.01 (as it appeared in 1976) that was raised in *State v. Egbert,* 227 Kan. 266, 606 P.2d 1022, *cert. denied* 449 U.S. 965 (1980); and *State v. Acheson,* 3 Kan. App. 2d 705, 601 P.2d 375, *rev. denied* 227 Kan. 927 (1979).

Petitioner considers these decisions to be questionable law in light of *Connecticut v. Johnson,* 460 U.S. 73, 74 L.Ed.2d 823, 103 S.Ct. 969 (1983); and *State v. Johnson,* 233 Kan. 981, 666 P.2d 706 (1983). Consequently, two questions arise: one, did the law in existence at the time of his direct appeal on the conviction prevent petitioner from raising this issue; and, two, have *Connecticut v. Johnson* and *State v. Johnson* changed the law since the decisions in *Egbert* and *Acheson?*

The *Egbert* and *Acheson* decisions have been consistently upheld. *State v. Myrick & Nelms,* 228 Kan. 406, 415, 616 P.2d 1066 (1980); *State v. Costa,* 228 Kan. 308, 320, 613 P.2d 1359 (1980); *State v. McDaniel & Owens,* 228 Kan. 172, 179-80, 612 P.2d 1231 (1980).

PIK Crim. 54.01 was subsequently revised (PIK Crim. 2d 54.01) and has since been found constitutional. *State v. Burton,* 235 Kan. 472, 481-82, 681 P.2d 646 (1984) (citing *Egbert*); *State v. Robinson, Lloyd & Clark,* 229 Kan. 301, 306, 624 P.2d 964

(1981); *State v. Patchett,* 229 Kan. 163, 621 P.2d 1011 (1981) (citing *Egbert* and *Acheson*).

Petitioner's burden now is to show a change in the law which is both an exceptional circumstance and a constitutional ground for vacating his sentence. He argues that the decisions in *Connecticut v. Johnson,* 460 U.S. 73, and *State v. Johnson,* 233 Kan. 981, have overruled *Egbert* and *Acheson,* and therefore the trial court erred in denying his motion.

At the time of his conviction, petitioner could have utilized the decision in *State v. Warbritton,* 211 Kan. 506, 508, 506 P.2d 1152 (1973), and advanced the same point presently contended. His argument would have been unsuccessful, as is shown by the later decisions in *Egbert* and *Acheson.*

In *Connecticut v. Johnson,* the United States Supreme Court ruled that the use of a *Sandstrom*-type instruction could not be harmless except in rare situations. 460 U.S. at 87. This latest pronouncement does not change the rule in *Sandstrom,* it merely addresses the additional question unanswered in *Sandstrom;* that is, can such an instruction be harmless error?

In *State v. Johnson,* 233 Kan. 981, defendant was accused of giving a worthless check (K.S.A. 21-3707), and the jury was instructed that the making, drawing, issuing or delivering of a check without sufficient funds was prima facie evidence of intent to defraud and of knowledge of insufficient funds. 233 Kan. at 983. The trial court defined prima facie evidence for the jury as "evidence that on its face is true, but may be overcome by evidence to the contrary." 233 Kan. at 983. The Supreme Court held that the instruction "could clearly have led the jury to believe that the burden was upon the defendant to overcome the rebuttable presumption of intent to defraud and that upon failure to do so, the presumption was conclusive regardless of other evidence to the contrary." 233 Kan. at 986. Johnson's conviction was reversed on the basis that the instruction was unconstitutional and clearly erroneous.

The Kansas Supreme Court in *Johnson* did not overrule the prior decisions of *Egbert* and *Acheson.* It noted that the trial court should have followed the recommended pattern instruction, PIK Crim. 2d 59.06A. While the unconstitutional instruction in *Johnson* resembles the instruction in question here, the *Johnson* instruction played a more crucial and significant role. A

jury is more likely to focus on an instruction that defines an obscure or arcane term such as prima facie evidence. Furthermore, the same *Johnson* instruction also set forth the elements of the offense and related how this apparent presumption went to prove the elements of an intent to defraud and of knowledge of insufficient funds. In the case at bar, this general intent instruction followed a charge which stated that the burden of proof was on the State and that a defendant is not required to prove his innocence. As a result, there is no reason to question the conclusion in *Acheson* that a reasonable jury would construe PIK Crim. 54.01 as charging "that it could consider all the evidence offered by the State in its deliberations in order to ascertain whether the State had met its burden of proving every element of the crime charged." 3 Kan. App. 2d at 716.

There being no change in the law, it follows that there are no exceptional circumstances for excusing petitioner's failure to raise the instruction issue in an earlier proceeding.

Affirmed.