No. 52,164

STATE OF KANSAS, *Appellant,* v. JAMES T. GRIMES, *Appellee.*

(622 P.2d 143)

Opinion filed January 17, 1981.

*James G. Kahler,* county attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Mark A. Hannah,* legal intern, were with him on the brief for the appellant.

*Jack Focht,* of Smith, Shay, Farmer & Wetta, of Wichita, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

MILLER, J.: The State appeals from an order of the Rice District Court discharging the defendant in this criminal case, James T. Grimes, due to the State's failure to comply with the Kansas speedy trial statute, K.S.A. 1980 Supp. 22-3402. A chronological

statement of the facts is necessary to an understanding of the issues.

Dr. James T. Grimes discovered his wife, Gloria, sitting with Kevin McClure in McClure's car in Lyons on November 17, 1978. Grimes suspected that his wife was romantically involved with McClure. Grimes was armed; he ran to the window of McClure's car and confronted him; a shot was fired; McClure was slightly injured. Grimes was then charged with aggravated battery of McClure and with aggravated assault of Gloria. On July 25, 1979, a jury found Grimes guilty of aggravated battery but acquitted him of aggravated assault. Defendant filed a motion for a new trial, alleging among other things that the trial court erred in its jury instruction on presumption of intent, which followed PIK Crim. 54.01. He contended that the instruction was unconstitutional under the rationale of the recently announced decision of the United States Supreme Court in *Sandstrom v. Montana*, 442 U.S. 510, 61 L.Ed.2d 39, 99 S.Ct. 2450 (1979). The trial judge granted the motion for new trial on that ground on September 14, 1979.

The State then filed its notice of appeal to this court from the order "made on September 14, 1979, granting Defendant a new trial." After the State's brief was filed, Grimes was granted an extension of 30 days in which to file his brief. Within that time he filed a motion for involuntary dismissal, contending that K.S.A. 1978 Supp. 22-3602(*b*) does not authorize an appeal by the State upon the granting of a new trial. The State responded, alleging that the State was challenging the propriety of the order granting a new trial as a "question reserved" under K.S.A. 1978 Supp. 22-3602(*b*)(3). On January 25, 1980, we summarily sustained defendant's motion and dismissed the appeal.

Grimes, on March 26, 1980, filed a motion in the trial court alleging that the State's failure to bring him to trial within 180 days after a new trial was granted was in violation of K.S.A. 1980 Supp. 22-3402. The trial court sustained that motion on March 31, 1980, and discharged the defendant; the State appeals, raising three issues:

(1) that its earlier appeal from the order granting a new trial qualified as a "question reserved" under K.S.A. 1979 Supp. 22-3602(*b*)(3).

(2) that the earlier appeal was "pending" and pursuant to K.S.A. 22-3604(2) the time that proceeding was pending

should not be counted for the purpose of computing the 180-day period fixed by K.S.A. 1979 Supp. 22-3402.

(3) that the defendant should be charged with the 30-day extension of time which he sought and was granted in which to file his brief in this court during the earlier appeal.

The four sections of the Kansas Statutes Annotated which are involved in this case were all enacted, substantially in their present form, when our code of criminal procedure was revised in 1970. See Laws of Kansas, 1970, chapter 129, §§ 22-3402, 22-3602, 22-3606, and 22-3604. The first three sections have since been amended, but the substance of the 1970 enactments remain. Throughout the remainder of this opinion we will cite the first three sections as they now appear in the 1980 supplement, since the provisions as contained therein were applicable throughout this proceeding. The parts of these statutes applicable here are as follows:

K.S.A. 1980 Supp. 22-3402(2):

"If any person charged with a crime and held to answer on an appearance bond shall not be brought to trial within one hundred eighty (180) days after arraignment on the charge, such person shall be entitled to be discharged from further liability to be tried for the crime charged, unless the delay shall happen as a result of the application or fault of the defendant . . . ."

K.S.A. 1980 Supp. 22-3602(*b*):

"Appeals to the supreme court may be taken by the prosecution from cases before a district judge or associate district judge as a matter of right in the following cases, and no others:

"(1) From an order dismissing a complaint, information or indictment;

"(2) From an order arresting judgment;

"(3) Upon a question reserved by the prosecution."

K.S.A. 1980 Supp. 22-3603:

"When a judge of the district court, prior to the commencement of trial of a criminal action, makes an order quashing a warrant or a search warrant, suppressing evidence or suppressing a confession or admission an appeal may be taken by the prosecution from such order if notice of appeal is filed within ten (10) days after entry of the order. Further proceedings in the trial court shall be stayed pending determination of the appeal."

K.S.A. 22-3604:

"(1) A defendant shall not be held in jail nor subject to an appearance bond during the pendency of an appeal by the prosecution.

"(2) The time during which an appeal by the prosecution is pending shall not be counted for the purpose of determining whether a defendant is entitled to discharge under section 22-3402 of this code."

The first issue is whether the State's attempted appeal from the order of September 14, 1979, granting the defendant a new trial, qualified as a "question reserved" under K.S.A. 1980 Supp. 22-3602(b)(3). Since that was the only issue argued in the motion to dismiss, the grant of that motion should resolve the issue. As we said in *State v. Hutchison,* 228 Kan. 279, 285, 615 P.2d 138 (1980):

"When a question in a case has been decided once on appeal and is final that decision becomes the law of the case."

However, since we did not write a formal opinion upon our dismissal of the earlier appeal, we wish to state our reasons for that dismissal. When the State filed its notice of appeal in September of 1979, the case was pending. A new trial had been ordered. The appeal was interlocutory, one taken between the commencement and termination of the action in the trial court. The order did not terminate the case; it directed that a *trial* be held. The legislature provided for interlocutory appeals by the State by K.S.A. 1980 Supp. 22-3603. This appeal, however, did not fit within the confines of that statute; the trial court made no order quashing a warrant or search warrant, no order suppressing evidence or a confession or admission. Thus the attempted appeal was not one authorized by 22-3603.

The appellant wants us to hold that an order of a trial court granting a new trial may form the basis for an appeal "[u]pon a question reserved by the prosecution" under K.S.A. 1980 Supp. 22-3602(b)(3). To do so would invite a plethora of interlocutory appeals by the prosecution. If orders granting new trials are appealable as a matter of right as questions reserved, then every ruling adverse to the prosecution, made by the trial court prior to final disposition of the case, could become the subject of appeal by the prosecution! Conceivably the State could drag the case on for years without a trial.

K.S.A. 1980 Supp. 22-3602(b)(1) and (2) provide for appeals by the State when the trial court has terminated the case (1) by dismissing the charging document—complaint, information or indictment; or (2) by entering an order arresting judgment. An order arresting judgment requires a finding that "the complaint, information or indictment does not charge a crime" or that "the court was without jurisdiction of the crime charged." See K.S.A.

22-3502. By dismissing or by arresting judgment, the trial court has ended the case.

We have held, since the 1970 code was enacted, that questions reserved under K.S.A. 1980 Supp. 22-3602(*b*)(3) may be appealed only when the case has been terminated. In *State v. Puckett,* 227 Kan. 911, 610 P.2d 637 (1980), the State sought to appeal as a question reserved the propriety of an order of the trial court allowing the defendant to withdraw his pleas of nolo contendere. We said:

"Alternatively, the State contends the appeal herein is proper, pursuant to K.S.A. 1979 Supp. 22-3602(*b*), as a question reserved. . . . Inherent in appeals as a matter of right by the prosecution is the element that the trial court has entered final judgment in the case. An appeal on a question reserved is permitted to provide an answer which will aid in the correct and uniform administration of the criminal law. A question reserved by the State will not be entertained on appeal merely to demonstrate errors of a trial court in rulings adverse to the State . . . . Questions reserved presuppose that the case at hand has concluded, but that an answer is necessary for proper disposition of future cases which may arise. No final judgment has been entered in the case before us.

"It is clear that the appeal herein is interlocutory in character and, accordingly, is governed by K.S.A. 1979 Supp. 22-3603 . . . .

. . . .

"The appeal herein does not come within any of the situations set forth in 22-3603 and, accordingly, an interlocutory appeal is not available to the State. Inasmuch as no statutory basis for the appeal is shown, this court is without jurisdiction to hear the appeal and the appeal must be dismissed." 227 Kan. at 912-913.

In *State v. Gustin,* 212 Kan. 475, 481, 510 P.2d 1290 (1973), Justice Owsley, speaking for a unanimous court, said:

"If a criminal defendant's motion for judgment of acquittal is granted after a jury verdict of guilty, there is no appeal by the state and no need for an alternative or accompanying motion for new trial by defendant. If defendant's motion for judgment of acquittal is denied, defendant should move for a new trial. If motion for new trial is granted, there is no appeal by either state or defendant since that is not a final order. If defendant's motion for new trial is denied, defendant may then appeal."

We hold that K.S.A. 1980 Supp. 22-3602(*b*)(3) does not authorize interlocutory appeals by the State, and that an order granting a new trial may not provide the basis for an interlocutory appeal as of right upon a "question reserved." We have not overlooked earlier cases wherein we entertained appeals by the State of orders granting new trials as "questions reserved" under former statutes, including *State v. Clark,* 171 Kan. 734, 237 P.2d 255

(1951) and *State v. Hess,* 178 Kan. 452, 289 P.2d 759 (1955), but we find those cases no longer controlling or persuasive on the issue. Under our present code, the State may take interlocutory appeals only as authorized by K.S.A. 1980 Supp. 22-3603. K.S.A. 1980 Supp. 22-3602(*b*) authorizes the State to appeal as of right only in cases which have been terminated.

The second point raised is whether the time the earlier appeal was pending in this court should be counted in computing the 180 days, or whether that time should not be counted pursuant to K.S.A. 22-3604. As we have noted earlier, the legislature authorized the State to appeal in *terminated* cases by K.S.A. 1980 22-3602(*b*). No protection for the State, such as is provided by -3604(2) is necessary during -3602(*b*) appeals, since the case has already been terminated when those appeals are taken. The defendant has already been either sentenced or discharged from custody. He would not be held in jail or be released on bond for his appearance at trial, as contemplated by -3604(1), after the case has been terminated.

In the case before us, it appears that the defendant's bond was reduced by the trial court at the time the new trial was granted—but he was not granted an outright release. He was retained on an appearance bond—contrary to -3604(1) *if that section applies.* We hold that it does not. K.S.A. 22-3604 was new to Kansas criminal practice when it was enacted in 1970. It follows -3603, also new, which authorized interlocutory appeals in limited circumstances. We conclude that -3604 is intended to apply, and does apply, only to interlocutory appeals pursuant to -3603.

The protection of -3604(2) is necessary to protect the State from the limits of the speedy trial statute, K.S.A. 1980 Supp. 22-3402, while the State takes an interlocutory appeal; the interlocutory appeals authorized by -3603 concern matters which often will relate directly to the prosecution's ability to pursue the pending criminal case.

The issue which the State attempted to raise in its earlier appeal in this case was not one which needed to be resolved in order for the prosecution to proceed with trial and to prove its case. It was not hampered by suppressed evidence or the like. A similar situation arose in the second appeal in the *Hess* case, the sequel to the one cited above. Hess was granted a new trial, but the State neglected to provide him with a trial while it appealed the order

granting a new trial. More than three terms of court passed, contrary to G.S. 1949, 62-1432; the defendant filed a motion for discharge for want of a speedy trial, the trial court granted the motion, and this court affirmed. We adopted the decision of the trial court, and it comprises the bulk of our opinion. See *State v. Hess,* 180 Kan. 472, 473-479, 304 P.2d 474 (1956). The language of that opinion is particularly applicable here:

"When the State appealed there was on file a sufficient information upon which the defendant had joined issue by his plea of not guilty. This Court had ordered a new trial; there were terms of court at which such trial might have been had; the appeal did not, of itself, prevent a retrial; there was no stay order. What prevented the prosecution from proceeding to try the defendant again? There was no obstacle which prevented it; the only thing which may explain the delay is that such retrial would have been effort wasted if the State's appeal had been successful. But in the face of the peremptory commands of the Bill of Rights and Section 62-1432, considerations of expediency can have no weight. The alternative would have been to secure defendant's consent to the delay or to force him to apply for a stay order, but neither of these was done." (p. 477.)

We conclude that -3604 is inapplicable to unauthorized interlocutory appeals attempted by the State, and that the 180-day period continued to run during the first appeal.

We now turn to the final issue: should the defendant be charged with the 30-day continuance which he requested and was granted in this court during the State's initial appeal? K.S.A. 1980 Supp. 22-3402(2) says that if the accused is not brought to trial within the 180-day period, the accused shall be discharged "unless the delay shall happen as a result of the application or fault of the defendant  .  .  .  ." The time defendant sought in this court in no wise delayed his trial in the district court. He sought no delay of his trial. He made no motion in the trial court for a continuance, a stay, a delay of trial. The State could have brought him to trial *at any time* during the 180-day period. The obligation to bring the defendant to trial within the 180 days is on the prosecution, not the defendant. *State v. Warren,* 224 Kan. 454, 456, 580 P.2d 1336 (1978); *State v. Higby,* 210 Kan. 554, 556, 502 P.2d 740 (1972); *State v. Sanders,* 209 Kan. 231, 234, 495 P.2d 1023 (1972).

We conclude that the continuance in this court did not delay trial, and should not be charged against defendant in the computation of the 180-day period.

We should note also that the State did not raise the matter of the 30-day extension in the trial court, but presents it for the first time

in this court. Issues which are not raised or presented to the trial court will not be considered on appeal. *In re Waterman,* 212 Kan. 826, 835, 512 P.2d 466 (1973).

An accused has the right to trial within the time fixed by the legislature, and when the State fails to commence trial within the time limit, the accused is entitled to be discharged. That is the situation which the trial court found. We find no error in its order.

The judgment is affirmed.

McFARLAND, J., dissenting: My concern in the present case arises primarily from the majority opinion's application of K.S.A. 22-3604. For convenience, the statute is repeated herein:

"(1) A defendant shall not be held in jail nor subject to an appearance bond during the pendency of an appeal by the prosecution.

"(2) The time during which an appeal by the prosecution is pending shall not be counted for the purpose of determining whether a defendant is entitled to discharge under section 22-3402 of this code."

Section (2) of the statute states when an appeal by the prosecution is pending the time shall not be counted for purposes of the speedy trial statute. Section (1) prohibits bonding and incarceration of the defendant during an appeal by the prosecution. I do not read Section (1) as a limitation upon Section (2).

Further, although not expressly so stating, the majority opinion infers that an unauthorized appeal is not an appeal within the purview of Section (2). The statute speaks of *an* appeal. Whether authorized or not, *an* appeal is still *an* appeal.

If the appeal by the State from the order granting a new trial had been merely to harass the defendant or to gain time I would have no quarrel with the result reached.

In hindsight, the trial court's granting of a new trial was clearly an erroneous decision. PIK Crim. 54.01 has repeatedly been upheld since the decision in *Sandstrom v. Montana,* 442 U.S. 510, 61 L.Ed.2d 39, 99 S.Ct. 2450 (1979), was announced (starting with *State v. Egbert,* 227 Kan. 266, 606 P.2d 1022, *cert. denied* 449 U.S. 965 [1980]). At the time the trial court made its decision, however, the appellate courts of Kansas had not had the issue before them.

The issue of the effect of the *Sandstrom* decision upon what was a stock instruction across Kansas was of concern in this case and in many criminal cases across the state. The issue was

certainly one of significant statewide interest—particularly as to the validity of convictions obtained under the PIK instruction.

*State v. Puckett,* 227 Kan. 911, 610 P.2d 637 (1980), cited in the majority opinion, was decided subsequent to the order appealed from in the case before us. The State, accordingly, cannot be faulted for failure to know the *Puckett* determination that the prosecution is not authorized to appeal from an order granting a new trial.

For the reasons expressed herein I would reverse the trial court's discharge of the defendant.

HERD, J., joins the foregoing dissenting opinion.