No. 52,498

STATE OF KANSAS, *Appellant,* v. THOMAS S. HERMES, *Appellee.*

(625 P.2d 1137)

Opinion filed March 25, 1981.

*Roger W. Badeker,* assistant county attorney, argued the cause and *Robert T. Stephan,* attorney general, was with him on the brief for appellant.

*Michael C. Helbert,* of Guy, Helbert & Bell, of Emporia, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: This is an appeal by the State from a ruling by the trial court in a traffic case. There does not appear to be any statutory grounds for the unusual procedure followed in this case.

Thomas S. Hermes went to trial before the court on a charge of reckless driving resulting from a one-car accident which occurred east of Emporia. During the trial, Trooper Langdon, of the Kansas Highway Patrol, attempted to testify to certain statements made by Hermes. The defendant objected on the grounds he had not been given his *Miranda* warnings. The court held a brief *Jackson v. Denno* hearing and ruled in favor of the· defendant. The prosecuting attorney then moved to take an immediate appeal pursuant to K.S.A. 1980 Supp. 22-3603. The proceedings were then suspended and the court stated "this matter will be stayed pending the results of the appeal." The defendant had no opportunity to introduce his evidence. A journal entry was filed which recited that the State "presents its evidence and rests." It also stated "the State moves for an appeal under K.S.A. 22-3603." The

court then ordered the matter stayed pending appeal. The State then filed a notice of appeal in which it asserted that it was appealing "pursuant to K.S.A. 22-3602(*b*)(3)."

"The right to appeal is statutory and, in the absence of a statute which authorizes an appeal, an appeal is not available to the losing party in the district court." *State v. Crozier,* 225 Kan. 120, Syl. ¶ 1, 587 P.2d 331 (1978).

The prosecuting attorney initially indicated he desired to take an appeal, during the pendency of the trial, pursuant to K.S.A. 1980 Supp. 22-3603, which authorizes an interlocutory appeal *prior to commencement of trial* from certain specific pretrial orders of the court. *State v. Platten,* 225 Kan. 764, 767, 594 P.2d 201 (1979). The statute has no application to the facts in this case and, presumably, having discovered this problem the prosecutor changed horses and filed his notice of appeal based upon a question reserved under K.S.A. 1980 Supp. 22-3602(*b*)(3). Unfortunately for the State, that statute does not provide for, or contemplate, such an appeal in the midst of the trial. For the State to appeal upon a question reserved in a criminal action it must be done after judgment.

There being no statutory authority for the appeal attempted by the State, the appeal must be dismissed. One other matter remains. The defendant has been placed in jeopardy, the trial judge is no longer serving as district judge and defendant cannot again be prosecuted for the same offense. See K.S.A. 1980 Supp. 21-3108(1)(*c*).

The appeal is dismissed and the case remanded to the district court with directions to discharge the defendant.