No. 55,270

STATE OF KANSAS, *Appellant,* v. JAMES D. FREEMAN, II, *Appellee.*

(670 P.2d 1365)

Opinion filed November 1, 1983.

*C. L. Laman,* county attorney, argued the cause and *Robert T. Stephan,* attorney general, was with him on the brief for appellant.

*Lawrence R. Uri, Jr.,* of Paulsen, Buechel, Swenson, Uri & Brewer, of Concordia, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: This is an appeal by the State of Kansas in a criminal prosecution from an order of the district court dismissing two counts of a four-count information.

On June 19, 1982, a pickup truck driven by the defendant, James D. Freeman, II, was involved in a two-vehicle collision at the junction of Highways 81 and 24 in Cloud County. A passenger in the other vehicle, Edward Strecker, subsequently died. The State alleges Mr. Strecker died as a result of injuries received in the accident and that the accident was caused by the defendant. Defendant was originally charged in a complaint and information with one count of involuntary manslaughter (K.S.A. 1982 Supp. 21-3404). Immediately following the preliminary hearing the State issued three new misdemeanor complaints against defendant and filed an amended information. The amended information charged the defendant with involuntary manslaughter in count one, vehicular homicide in count two, failure to yield the right-of-way in count three and speeding in count four.

On December 6, 1982, defendant was arraigned on all four counts. Defendant pled not guilty to counts one, two and four

and guilty to count three, the charge of failing to yield the right-of-way. On December 22, 1982, the defendant filed a motion to dismiss counts one and two on the grounds that further prosecution of those two counts would be duplicitous in violation of K.S.A. 21-3107(2)(d), and barred by the double jeopardy provisions of K.S.A. 21-3108(2)(a). After extensive argument on January 3, 1983, the court sustained defendant's motion on the basis of double jeopardy and dismissed counts one and two. Without dismissing the remaining speeding charge, the State filed this appeal from the dismissal of counts one and two.

At the outset we are faced with a jurisdictional challenge by the defendant asserting there are no statutory grounds for the appeal. We agree. The right to appeal in a criminal case is strictly statutory and absent statutory authority there is no right to an appeal. In *State v. Hermes,* 229 Kan. 531, Syl. ¶ 1, 625 P.2d 1137 (1981), we held:

"The right to appeal is statutory and, in the absence of a statute which authorizes an appeal, an appeal is not available to the losing party in the district court."

The statutes authorizing appeals in criminal actions are found at K.S.A. 22-3602 and 22-3603.

K.S.A. 22-3602(b) provides:

"(b) Appeals to the supreme court may be taken by the prosecution from cases before a district judge or associate district judge as a matter of right in the following cases, and no others:
(1) From an order dismissing a complaint, information or indictment;
(2) From an order arresting judgment;
(3) Upon a question reserved by the prosecution."

K.S.A. 22-3603 provides:

"When a judge of the district court, prior to the commencement of trial of a criminal action, makes an order quashing a warrant or a search warrant, suppressing evidence or suppressing a confession or admission an appeal may be taken by the prosecution from such order if notice of appeal is filed within ten (10) days after entry of the order. Further proceedings in the trial court shall be stayed pending determination of the appeal."

The question squarely before this court is whether the State can appeal from the dismissal of some counts of a multiple count complaint, information or indictment while other counts of the same charging instrument are still pending in the district court.

In *State v. Grimes,* 229 Kan. 143, 622 P.2d 143 (1981), the State

attempted to appeal from an order of the district court granting Grimes a new trial in a criminal case. The defendant asserted there was no right to appeal as there had not been a final determination of the case in the district court. This court stated:

"When the State filed its notice of appeal in September of 1979, the case was pending. A new trial had been ordered. The appeal was interlocutory, one taken between the commencement and termination of the action in the trial court. The order did not terminate the case; it directed that a *trial* be held. The legislature provided for interlocutory appeals by the State by K.S.A. 1980 Supp. 22-3603. This appeal, however, did not fit within the confines of that statute; the trial court made no order quashing a warrant or search warrant, no order suppressing evidence or a confession or admission. Thus the attempted appeal was not one authorized by 22-3603.

"The appellant wants us to hold that an order of a trial court granting a new trial may form the basis for an appeal '[u]pon a question reserved by the prosecution' under K.S.A. 1980 Supp. 22-3602(*b*)(3). To do so would invite a plethora of interlocutory appeals by the prosecution. If orders granting new trials are appealable as a matter of right as questions reserved, then every ruling adverse to the prosecution, made by the trial court prior to final disposition of the case, could become the subject of appeal by the prosecution! Conceivably the State could drag the case on for years without a trial.

"K.S.A. 1980 Supp. 22-3602(*b*)(1) and (2) provide for appeals by the State when the trial court has terminated the case (1) by dismissing the charging document - complaint, information or indictment; or (2) by entering an order arresting judgment. An order arresting judgment requires a finding that 'the complaint, information or indictment does not charge a crime' or that 'the court was without jurisdiction of the crime charged.' See K.S.A. 22-3502. By dismissing or by arresting judgment, the trial court has ended the case." pp. 146-147.

The rationale in *Grimes* is applicable here. The case against defendant as to count four is still pending in district court. The State's attempted appeal appears to be in the nature of an interlocutory appeal in that the case has not been terminated in district court. K.S.A. 22-3603 does not provide for an interlocutory appeal under the factual situation in this case. Neither does K.S.A. 22-3602(*b*)(1) authorize an appeal because, as stated in *Grimes,* that statute only provides *"for appeals by the State when the trial court has terminated the case (1) by dismissing the charging document."* 229 Kan. at 146.

The State, in its response to defendant's motion for dismissal of the appeal, cites no authority for its contention that it may appeal from the dismissal of only part of the charges. Our research discloses only two Kansas cases which might be considered authority for the State's position. In *State v. Cuezze, Houston & Faltico,* 225 Kan. 274, 589 P.2d 626 (1979), the State

originally charged Cuezze and Houston with four counts in a criminal information. Houston was arraigned in May, 1977, and Cuezze in June, 1977. Over three months later the State filed a new case charging Cuezze, Houston and Faltico in an information charging all three defendants with three felony counts. The first case was then dismissed. In May of 1978 the court dismissed all three counts against the defendants Cuezze and Houston for violation of the speedy trial provisions of K.S.A. 22-3402. The court also dismissed one count of the three charges against Faltico on the grounds that proper venue lay in Shawnee County rather than Wyandotte County. The State appealed the dismissal of the three counts against Cuezze and Houston and the dismissal of the one count against Faltico. Two counts against Faltico were left pending in the district court pending the appeal. We affirmed the dismissal as to Cuezze and Houston and reversed the dismissal of the count against Faltico.

In *State v. Burkett,* 231 Kan. 686, 648 P.2d 716 (1982), the defendant was originally charged with aggravated battery with an automobile. Plea negotiations resulted in an agreement whereby the State would dismiss the felony charge in return for pleas of nolo contendere to charges of reckless driving and failure to stop and remain at the scene of an accident. The State agreed that it would recommend that defendant not be incarcerated. The bargain was carried out and the complaint was amended to charge the two misdemeanor counts. Defendant entered pleas of nolo contendere as agreed. The district magistrate judge refused to accept the recommended punishment and sentenced defendant to jail. Defendant thereupon appealed to the district judge and the State promptly filed an amended complaint containing three offenses: the original charge of aggravated battery and the two misdemeanor violations. On motion by the defendant, the district judge dismissed the felony count and the State appealed the dismissal to this court. We found the dismissal to be improper and remanded the case for further proceedings on all three charges.

In neither *Cuezze* nor *Burkett* was the jurisdiction on appeal raised or considered by the court and we do not consider the decisions in those cases to be binding precedent for the issue which is now squarely before the court. In addition, the appeals

in *Cuezze* and *Burkett* arose out of totally different factual situations from the instant case.

To hold that K.S.A. 22-3602(*b*)(1) authorizes an appeal from the dismissal of some of the counts in a multiple-count information while the remaining counts are left pending and unresolved in the district court would result in untold delay and chaos in the trial and appellate courts. Two of the problems which may result from an appeal from a partial dismissal of the charging instrument are aptly demonstrated in this case. Appellee has asked this court to dismiss count four of the information on the grounds he has been deprived of his right to a speedy trial and that he has been continued under bond in violation of K.S.A. 22-3604. However, there are no final orders of the district court as to count four which have been appealed or are before this court. Count four is still pending in the district court while the State is attempting to appeal the dismissal of counts one and two in this court. The district court and the appellate courts cannot both have jurisdiction of a pending case at the same time.

We hold that there is no statutory authority for the State to appeal from the dismissal in a criminal case of some of the counts of a multiple-count complaint, information or indictment while the case remains pending before the district court on all or a portion of the remaining counts which have not been dismissed and which have not been finally resolved. This court lacks jurisdiction of the appeal.

The appeal is dismissed.