No. 55,604

STATE OF KANSAS, *Appellant,* v. RANDALL C. BICKFORD, *Appellee.*

(672 P.2d 607)

Opinion filed December 2, 1983.

*Arthur R. Weiss,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Gene M. Olander,* district attorney, were with him on the brief for the appellant.

*Robert C. Briscoe,* legal intern, of Topeka, argued the cause, and *Michael Kaye,* supervising attorney, Washburn Law Clinic, of Topeka, was with him on the brief for the appellee.

The opinion of the court was delivered by

LOCKETT, J.: This is an appeal by the State of Kansas in a traffic prosecution from an order of the Shawnee County District Court dismissing one count of a two-count traffic complaint against the defendant, Randall C. Bickford, pursuant to K.S.A. 22-3602(*b*)(1).

A driver's license check lane was established by the Kansas Highway Patrol at the intersection of South Topeka Avenue and

45th Street on the night of November 20, 1982. At approximately 2:10 a.m. on November 21, 1982, the defendant was stopped at the check lane. While checking the defendant's driver's license, the trooper smelled alcohol on the defendant's breath and in the car. Checking the interior of the defendant's automobile, the trooper noticed a puddle of liquid near the defendant's feet, and an overturned beer bottle. The trooper requested the defendant exit his car and perform several sobriety tests. After evaluating the defendant's performance of the sobriety tests, the trooper arrested the defendant and charged him with two traffic offenses: (1) driving under the influence of alcohol, K.S.A. 8-1567, and (2) transportation of an open container of alcohol, K.S.A. 41-804. A sample of the defendant's breath taken later showed the defendant's blood was .11 percent alcohol by weight.

The defendant filed a motion to suppress all evidence seized as a result of his arrest and requested pretrial discovery. The trial court conducted a pretrial discovery hearing on March 23, 1983. The trial court, on its own, determined that there was no evidence that the defendant drove his automobile in a dangerous, illegal or erratic manner. Without this showing, the trial court dismissed the DUI count of the complaint. The State appealed from the court's dismissal of one count of the two-count complaint pursuant to K.S.A. 22-3602(b)(1). The defendant agreed to waive his right to a speedy trial (K.S.A. 22-3402) until the State's appeal of count one had been determined by this court.

Prior to a resolution of the points raised by the State's appeal, we must ascertain if this court has jurisdiction to determine the issue raised by the trial court's dismissal of one count of the two-count traffic complaint. In *State v. Freeman,* 234 Kan. 278, 670 P.2d 1365 (1983), we agreed with the defendant's assertion that there is no statutory ground for an appeal when there has been only a partial dismissal of a several-count complaint/information by a trial court. Here the defendant has not objected to the jurisdiction of the appellate court; therefore, is it necessary for the appellate court on its own motion to refuse to determine the issue before it because of a lack of jurisdiction? We believe it is necessary.

Jurisdiction of courts is usually divided into two categories, jurisdiction over the subject matter and jurisdiction over the parties. To properly act in any case, a court must be vested with

both jurisdiction of the subject matter and the parties. For a court to have jurisdiction of a party, that party must appear generally or submit to the jurisdiction of the court. Jurisdiction over the subject matter must be contained in the power of the court to hear and determine that case.

The general rule is that proceedings conducted or decisions made by a court are legally void where there is an absence of jurisdiction over the subject matter. An objection based on absence of jurisdiction of the subject matter must be considered and may be effectively raised at any time. Such an objection may be raised for the first time in the appellate court, even on the appellate court's own motion. *Micheaux v. Amalgamated Meatcutters & Butcher Workmen,* 231 Kan. 791, 648 P.2d 722 (1982).

The right to appeal is statutory and, in the absence of a statute which authorizes an appeal, an appeal is not available to the losing party in the district court. *State v. Hermes,* 229 Kan. 531, Syl. ¶ 1, 625 P.2d 1137 (1981). The two statutes which authorize appeals to the appellate courts in a criminal action are K.S.A. 22-3602 and K.S.A. 22-3603.

K.S.A. 22-3602(*b*) provides:

"Appeals to the supreme court may be taken by the prosecution from cases before a district judge or associate district judge as a matter of right in the following cases, and no others:
"(1) From an order dismissing a complaint, information or indictment;
"(2) From an order arresting judgment;
"(3) Upon a question reserved by the prosecution."

K.S.A. 22-3602(*b*)(1) and (2) provide for appeals by the State when the trial court has terminated the case (1) by dismissing the charging document—complaint, information or indictment; or (2) by entering an order arresting judgment. An order arresting judgment requires a finding that the complaint, information or indictment does not charge a crime or that the court was without jurisdiction of the crime charged. By dismissing or arresting judgment, the trial court has ended the case. *State v. Grimes,* 229 Kan. 143, 146-47, 622 P.2d 143 (1981); *State v. Freeman,* 234 Kan. 278.

K.S.A. 22-3603 is for interlocutory appeals when the trial judge quashes a warrant or search warrant, or suppresses evidence, a confession or an admission prior to trial. During the pendency of the interlocutory appeal the defendant cannot be held in jail or subject to bond. The time during which the appeal is taken is not

counted for the purpose of determining whether the defendant is entitled to discharge under K.S.A. 22-3402. K.S.A. 22-3604.

In *State v. Freeman,* 234 Kan. 278, this court was faced with the question of whether the State can appeal from the dismissal of some counts of a multiple-count complaint, information or indictment while other counts of the same charging instrument are still pending in the district court. After an automobile accident resulting in a death, Freeman was charged with four counts in an amended information: involuntary manslaughter in count one; vehicular homicide in count two; failure to yield the right-of-way in count three; and speeding in count four. At the arraignment, defendant pled not guilty to counts one, two and four, and guilty to count three, the failure to yield the right-of-way charge. Later the defendant filed a motion to dismiss counts one and two on the grounds that further prosecution of those counts was duplicitous in violation of K.S.A. 21-3107(2)(*d*) (now amended), and barred by the double jeopardy provisions of K.S.A. 21-3108(2)(*a*). The trial court sustained the defendant's motion on the basis of double jeopardy and dismissed counts one and two. Without dismissing the remaining charge, count four— speeding, the State filed an appeal from the dismissal of counts one and two under K.S.A. 22-3602(*b*)(1). After reviewing prior cases, Justice Holmes, for a unanimous court, stated:

"To hold that K.S.A. 22-3602(*b*)(1) authorizes an appeal from the dismissal of some of the counts in a multiple-count information while the remaining counts are left pending and unresolved in the district court would result in untold delay and chaos in the trial and appellate courts. Two of the problems which may result from an appeal from a partial dismissal of the charging instrument are aptly demonstrated in this case. Appellee has asked this court to dismiss count four of the information on the grounds he has been deprived of his right to a speedy trial and that he has been continued under bond in violation of K.S.A. 22-3604. However, there are no final orders of the district court as to count four which have been appealed or are before this court. Count four is still pending in the district court while the State is attempting to appeal the dismissal of counts one and two in this court. The district court and the appellate courts cannot both have jurisdiction of a pending case at the same time.

"We hold that there is no statutory authority for the State to appeal from the dismissal in a criminal case of some of the counts of a multiple-count complaint, information or indictment while the case remains pending before the district court on all or a portion of the remaining counts which have not been dismissed and which have not been finally resolved. This court lacks jurisdiction of the appeal." 234 Kan. at 282.

Let us examine 18 U.S.C. § 3731 (1982), the federal appellate

procedure which is similar to K.S.A. 22-3602, K.S.A. 26-3603 and K.S.A. 22-3604, except the United States is specifically allowed to appeal a dismissal of one or more counts of an indictment or information filed in the United States District Courts. 18 U.S.C. § 3731 provides:

"In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information as to any one or more counts, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution.

"An appeal by the United States shall lie to a court of appeals from a decision or order of a district courts suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding, not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information, if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding.

"The appeal in all such cases shall be taken within thirty days after the decision, judgment or order has been rendered and shall be diligently prosecuted.

"Pending the prosecution and determination of the appeal in the foregoing instances, the defendant shall be released in accordance with chapter 207 of this title.

"The provisions of this section shall be liberally construed to effectuate its purposes."

An appeal by the prosecution of a partial dismissal of an indictment or information under the federal appeal procedure raises none of the problems inherent to the Kansas criminal appeals statutes.

This court has no power to create an appellate procedure other than the appellate procedure contained in the statutes. Only the legislature has power to create an additional appellate procedure for partial dismissal of a complaint, information or indictment; this it has not done.

In this criminal case, where there has been a dismissal of one count of a two-count complaint, and there remains pending a count which has not been dismissed and which has not been finally resolved, there is no statutory authority for the State to appeal. This court lacks jurisdiction of the appeal.

The appeal is dismissed.