No. 68,658

STATE OF KANSAS, *Appellant,* v. DAVID WAYNE CLOVIS, *Appellee.*

(864 P.2d 687)

Opinion filed December 10, 1993.

*Thomas R. Stanton,* assistant county attorney, argued the cause, and *Julie McKenna,* county attorney, and *Robert T. Stephan,* attorney general, were with him on the brief for appellant.

*Mike Sheahon,* of Barta, Kent & Sheahon, Chtd., of Salina, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

ALLEGRUCCI, J.: This is an appeal by the State, pursuant to K.S.A. 22-3602(b)(1), from the district court's post-trial order dismissing criminal charges against David Wayne Clovis, setting aside the jury's verdicts, and discharging the defendant. The district court set aside the verdicts and dismissed the charges on the ground that the defendant was denied a speedy trial.

The facts are not in dispute. This is the second time the case has been before this court. In *State v. Clovis,* 248 Kan. 313, 807 P.2d 127 (1991) (*Clovis I*), the district court's dismissal with prejudice of two counts of a multiple-count complaint was affirmed. The dismissal was "a sanction for the State's failure to comply with a discovery order to disclose the identity of a confidential informant." 248 Kan. 313.

The original multiple-count complaint/information was filed on March 31, 1989 (1989 complaint). On November 6, 1989, the

district court conducted a hearing on Clovis' motion to dismiss for failure to identify the informant, struck Counts 10 and 11, and filed "[a]n order journalizing the rulings." 248 Kan. at 320. The State appealed. On November 13, 1989, the State dismissed the remaining charges against Clovis. This court's opinion was filed on March 1, 1991.

On March 22, 1991, the State filed another complaint/information (1991 complaint). It contained four counts charging that "on or between March 24, 1989, and March 25, 1989" Clovis possessed methamphetamine with intent to sell (Count I), possessed marijuana (Count II), possessed drug paraphernalia (Count III), and possessed cocaine (Count IV). Counts I and III were included in the original multiple-count complaint filed in *Clovis I*.

On March 25, 1992, Clovis filed two motions to dismiss the charges against him. The ground for one motion was the State's alleged failure to commence the prosecution within the two-year statute of limitations, K.S.A. 1992 Supp. 21-3106(4). The ground for the other motion was the State's alleged failure to bring Clovis to trial within 180 days of arraignment as required by K.S.A. 22-3402(2). At a hearing on March 30, 1992, the district court took the motions under advisement.

On March 31, April 1, and April 2, 1992, the case was tried to a jury, and on April 2, 1992, Clovis was found guilty of Counts I, II, and III. The jury found him not guilty of possession of cocaine.

On May 4, 1992, the district court convened a hearing for "motions and/or for sentencing as appropriate." Approximately an hour before the hearing began, the State provided to the district court its response to the motions to dismiss which had been filed by Clovis six days before trial. The district court concluded that due to the charges in Counts I and III being "barred by the speedy trial statute," it had "no jurisdiction to have tried those cases then, and ordering their dismissal, order[ed] that the verdicts of the jury in this case be set aside and held, that the defendant is discharged not by acquittal but by dismissal with prejudice on Counts I, II, and III . . . ."

The current appeal (*Clovis II*) stems from the district court's post-trial dismissal of Counts I, II, and III of the 1991 complaint.

The district court's Journal Entry was file stamped August 17, 1992. It states in pertinent part:

"1. That the defendant's Motion to Dismiss as it relates to Counts I and III of the Complaint/Information is granted. The Court specifically finds that there has been an absence of a showing of necessity, and that the State cannot avoid the time limitations of K.S:A. 22-3402.

"2. That the defendant's motion as it relates to Count II is granted. The Court specifically finds that in addition to the above and foregoing findings, Count II is barred by the fact that it could have been filed at the time of the original complaint, and that substantial prejudice exists to the defendant by the late filing.

"3. The Court further finds that it has inherent jurisdiction to consider the dismissal of charges which are not prosecuted in good faith by the State of Kansas.

"4. That the Court further sets aside the jury verdicts as they relate to Counts I, II and III, and the defendant is hereby discharged."

On appeal, the State contends the district court erred in setting aside the jury's verdicts and dismissing Counts I, II, and III of the 1991 complaint against Clovis.

As reflected by the journal entry, the district court's dismissal of Counts I and III was based upon a violation of the defendant's statutory right to a speedy trial. K.S.A. 22-3402(2) requires that the State bring any defendant who is subject to an appearance bond to trial within 180 days after arraignment. Clovis was arraigned on the 1991 complaint on January 3, 1992. The trial was conducted on March 31, April 1, and April 2, 1992. Disregarding any delays which may have extended the 180-day limit, the number of days which elapsed between Clovis' arraignment on January 3 and his being brought to trial on March 31, 1992, is 87.

Clovis argues, however, that the calculation of days after arraignment must include the number of days which elapsed after his arraignment on the 1989 complaint in addition to the number of days which elapsed after his arraignment on the 1991 complaint. According to Clovis, arraignment on the 1989 complaint occurred on May 24, 1989. The parties agree that the 1989 complaint was dismissed by the prosecution on November 13, 1989. The district court judge calculated that 172 days, which counted toward the permitted 180 days, elapsed before the complaint was dismissed. Clovis concedes that 28 of the days following arraignment on the 1991 complaint are attributable to his request for a

continuance. Thus, he argues that 231 days, which are attributable to the State, elapsed before he was brought to trial. $(87 - 28 = 59 + 172 = 231.)$

Clovis relies on *State v. Cuezze, Houston & Faltico*, 225 Kan. 274, 278, 589 P.2d 626 (1979). In particular, he quotes the following: "Absent a showing of necessity, the State cannot dismiss a criminal action and then refile the identical charges against the same defendant and avoid the time limitations mandated by the statute."

The State quotes *State v. Jamison*, 248 Kan. 302, 304, 806 P.2d 972 (1991): "However, if the first case is dismissed with a showing of necessity, computation of the statutory period commences anew upon arraignment in the refiled second case." The State contends that the necessity in the present case stems from the rule that "the State may not appeal the dismissal in a criminal case of some of the counts of a multi-count complaint while the remainder of the counts remain pending in the district court and have not been finally resolved."

As authority for the rule, the State cites *State v. Bickford*, 234 Kan. 507, 510-11, 672 P.2d 607 (1983), and *State v. Freeman*, 234 Kan. 278, 282, 670 P.2d 1365 (1983). In *Freeman*, this court dismissed the appeal for lack of jurisdiction on the ground that

"there is no statutory authority for the State to appeal from the dismissal in a criminal case of some of the counts of a multiple-count complaint, information or indictment while the case remains pending before the district court on all or a portion of the remaining counts which have not been dismissed and which have not been finally resolved." 234 Kan. at 282.

The court commented that "[t]he district court and the appellate courts cannot both have jurisdiction of a pending case at the same time." 234 Kan. at 282. The same reasoning also resulted in the dismissal of the appeal in *Bickford*. 234 Kan. at 511.

In *State v. Haislip*, 234 Kan. 329, 673 P.2d 1094 (1983), an adequate showing of necessity was made by the State when newly discovered evidence implicated an additional suspect and necessitated extensive additional investigation. The pertinent syllabus paragraph states: "The State, in dismissing and refiling identical charges in a criminal action, may avoid the statutory speedy trial limitations only if there is an adequate showing of necessity and

there is no evidence the State was attempting to manipulate the speedy trial requirement." 234 Kan. 329, Syl. ¶ 1.

In *State v. Ransom*, 234 Kan. 322, 326-27, 673 P.2d 1101 (1983), *cert. denied* 469 U.S. 818 (1984), several important witnesses were unavailable at the time trial was scheduled, the district court refused to grant a continuance, and the prosecution promptly moved to dismiss without prejudice. The district court found

"that no prejudice would occur to the defendant if the matter was dismissed without prejudice; that technical problems in securing the appearance of witnesses had arisen; that these problems were neither the fault of the State nor of the defendant; that neither side was operating tactically to try to gain an advantage over the other; and that both parties had acted diligently." 234 Kan. at 326.

This court stated: "While the [district court] judge did not specifically find that the State made a showing of necessity, such a finding is implicit in the record and in the findings made." 234 Kan. at 327. The court concluded, therefore, that the *Cuezze* doctrine was inapplicable and the computation of the statutory time began anew when defendant was arraigned on the refiled complaint.

In *State v. Grimes*, 229 Kan. 143, 622 P.2d 143 (1981), the State's appeal from the district court's order granting defendant a new trial was dismissed for lack of jurisdiction. Subsequently the district court discharged Grimes due to the State's failure to comply with the statutory speedy trial requirements. On the State's appeal from discharge of Grimes, one of the questions was whether the time the earlier appeal was pending should be counted in computing the 180 days. 229 Kan. at 148. This court concluded that "the 180-day period continued to run during the first appeal." 229 Kan. at 149.

The issue which the State attempted to raise in its first appeal was the district court's granting Grimes' motion for a new trial. The first appeal was dismissed because the issue "was not one which needed to be resolved in order for the prosecution to proceed with trial and to prove its case. It was not hampered by suppressed evidence or the like." 229 Kan. at 148. In stating its reasons for deciding that the time the first appeal was pending

in this court should be counted in computing the 180 days, the court quoted the following:

" 'What prevented the prosecution from proceeding to try the defendant again? There was no obstacle which prevented it; the only thing which may explain the delay is that such retrial would have been effort wasted if the State's appeal had been successful. But in the face of the peremptory commands of the Bill of Rights and [the speedy trial statute], considerations of expediency can have no weight.' " 229 Kan. at 149 (quoting *State v. Hess*, 180 Kan. 472, 477, 304 P.2d 474 [1956]).

Neither party has cited a case which is directly on point. As the State points out, *Freeman* stands for the proposition that the prosecution may not appeal partial dismissal of a complaint while other counts remain pending in the district court. Thus, clearly it is necessary for the State to dismiss the pending charges in order to appeal. However, it is not necessary for the State to appeal the dismissed counts in order to prosecute the defendant on the remaining counts.

If the State could have prosecuted the remaining counts, appealed or cross-appealed the partial dismissal after termination of the case, and then have refiled and prosecuted the dismissed counts in the event of a successful appeal, it would not have been necessary to dismiss the remaining charges and pursue the *Clovis I* appeal. Here, the 180 days continue to run on the two counts which were dismissed. If the State chooses to proceed with the trial on the remaining counts, its right to appeal and, if successful, to refile and prosecute the defendant on the two dismissed counts is dependent upon whether the initial jury trial is completed before the 180 days run. To force the State to make such a choice is not acceptable. It would violate the State's statutory right to appeal the trial court's dismissal of criminal charges.

The State's dismissal of charges 172 days after arraignment raises a question whether the State was attempting to manipulate the speedy trial requirements. In *State v. Goss*, 245 Kan. 189, 192, 777 P.2d 781 (1989), the court stated: "Dismissals and refilings when the statutory period is about to expire are suspect and a showing of necessity must be made."

In *Cuezze*, this court found reason to "utilize the extraordinary remedy of tacking together the times involved in [separate]

cases." *Goss*, 245 Kan. at 192. Here is this court's summary of the circumstances which provided the reason:

"In *State v. Cuezze, Houston & Faltico*, 225 Kan. 274, 278, 589 P.2d 626 (1979), two of the defendants were arraigned in the first case and shortly before the statutory speedy trial period would have expired, these charges were dismissed and a virtually identical complaint was filed. We held that the State cannot dismiss and refile charges solely to set the statutory clock back to zero. To hold otherwise, we reasoned, would defeat the purpose of the statute." 245 Kan. at 192.

The 90-day provision of K.S.A. 22-3402 applied to Goss, who was held in jail on a first-degree murder charge. He was arrested on September 22, 1986, on a charge of second-degree murder. Several days later the complaint was amended to charge felony murder. At the beginning of November he was bound over on the amended complaint. Arraignment was continued at Goss' request. On November 25, the complaint was amended to charge premeditated murder. A separate case was filed against Goss on December 22, and, without his being arraigned on the charges in the first case, it was dismissed on January 5, 1987. 245 Kan. at 191-92. On appeal from his conviction of first-degree murder in the second case (filed December 22), this court rejected Goss' claims of speedy trial violation. The court stated:

"In order to exceed the 90-day limit, one would have to tack on a major portion of the time defendant was being held in the prior case. We have tacked on such time only under exceptional circumstances where it is obvious that a dismissal and refiling was clearly a subterfuge engaged in by the State to avoid dismissal under the speedy trial statute." 245 Kan. at 192.

The court concluded that Goss' claims were groundless because the 90-day period had not begun to run in the first, unarraigned case and because, although the "State had considerable difficulty in deciding on what charges it desired to proceed, . . . the element of subterfuge to avoid the statute is wholly lacking herein." 245 Kan. at 192.

Although in the present case the district court's remarks at the time it dismissed the complaint reflect that the district court considered the State's action to have been taken in bad faith, it did not find, nor would the record support a finding, that the State's dismissing and refiling the charges was a subterfuge to deny the defendant a right to a speedy trial. We conclude there

is an adequate showing of necessity for dismissing and refiling the charges against the defendant. The defendant's speedy trial rights under K.S.A. 22-3402(2) were not violated.

With regard to Count II, possession of marijuana, the journal entry states: "Count II is barred by the fact that it could have been filed at the time of the original complaint, and that substantial prejudice exists to the defendant by the late filing."

K.S.A. 21-3108(2)(a) provides in pertinent part:

"A prosecution is barred if the defendant was formerly prosecuted for a different crime . . . if such former prosecution:

(a) Resulted in either a conviction or an acquittal and the subsequent prosecution is for a crime or crimes of which evidence has been admitted in the former prosecution and which might have been included as other counts in the complaint . . . filed in such former prosecution or upon which the state then might have elected to rely; or was for a crime which involves the same conduct, unless each prosecution requires proof of a fact not required in the other prosecution . . . ."

The double jeopardy prohibition of 21-3108(2)(a) was discussed in *State v. Mahlandt*, 231 Kan. 665, 647 P.2d 1307 (1982), and in *In re Berkowitz*, 3 Kan. App. 2d 726, 602 P.2d 99 (1979). The appellate courts agreed that

"three elements must be present under 21-3108(2)(*a*) to bar a subsequent prosecution. First, the prior prosecution must have resulted in a conviction or acquittal, second, evidence of the present crime must have been introduced in the prior prosecution, and third, the charge in the second prosecution must have been one which could have been charged as an additional count in the prior case." 231 Kan. at 668 (citing 3 Kan. App. 2d at 743).

The record in the present case does not contain a copy of the 1989 complaint; it is impossible to evaluate the factors and determine whether the evidence of the present crime must have been introduced in the prior prosecution. Nor from the record before us can this court analyze the counts contained in the original complaint to determine whether the statutory speedy trial requirements were met as to Count II. The State has failed to designate a record sufficient for the court to determine if the district court's dismissal of Count II was error.

The judgment of the district court in dismissing Count II is affirmed, the judgment dismissing Counts I and III is reversed,

and the case is remanded with directions to reinstate the jury verdict as to Counts I and III.