No. 76,518

STATE OF KANSAS, *Appellant*, v. GARY LYLE NELSON, *Appellee*.

(946 P.2d 1355)

Opinion filed October 31, 1997.

*Julie A. McKenna*, county attorney, argued the cause, and *Christina Pellant*, assistant county attorney, and *Carla J. Stovall*, attorney general, were with her on the brief for appellant.

*James L. Sweet*, of Sweet & Sheahon, of Salina, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

ABBOTT, J.: This is an appeal by the State of Kansas in a criminal prosecution from an order discharging the defendant on one count of a three-count complaint.

The State filed a three-count complaint charging Nelson with aggravated battery in Count I, driving under the influence in Count II, and consumption of alcohol by a minor in Count III. At the close of the preliminary hearing, the trial court discharged Nelson on Count I (aggravated battery), and the State voluntarily dismissed Count II (DUI). Count III (consumption of alcohol by a minor)

was never dismissed and remains pending in Saline County District Court.

Nelson claims that this unresolved count, pending in the trial court, deprives this court of jurisdiction to hear the State's appeal regarding the trial court's discharge of the defendant on Count I. In support of this argument, Nelson cites to *State v. Freeman*, 234 Kan. 278, 670 P.2d 1365 (1983), and *State v. Bickford*, 234 Kan. 507, 672 P.2d 607 (1983).

*Freeman* provides:

"The question squarely before this court is whether the state can appeal from the dismissal of some counts of a multiple count complaint, information or indictment while other counts of the same charging instrument are still pending in the district court.

. . . .

"To hold that K.S.A. 22-3602(b)(1) authorizes an appeal from the dismissal of some of the counts in a multiple-count information while the remaining counts are left pending and unresolved in the district court would result in untold delay and chaos in the trial and appellate courts. . . .

"We hold that there is no statutory authority for the State to appeal from the dismissal in a criminal case of some of the counts of a multiple-count complaint, information or indictment while the case remains pending before the district court on all or a portion of the remaining counts which have not been dismissed and which have not been finally resolved. This court lacks jurisdiction of the appeal." 234 Kan. at 279-82.

*Bickford* provides in the syllabus:

"The right to appeal is statutory and, in the absence of a statute which authorizes an appeal, an appeal is not available to the losing party in the district court. *State v. Hermes*, 229 Kan. 531, Syl. ¶ 1, 625 P.2d 1137 (1981)."

"An objection based on absence of jurisdiction of the subject matter must be considered and may be effectively raised at any time. Such an objection may be raised for the first time in the appellate court, even on the appellate court's own motion. *Micheaux v. Amalgamated Meatcutters & Butcher Workmen*, 231 Kan. 791, 648 P.2d 722 (1982)."

"This court has no power to create an appellate procedure other than the appellate procedure contained in the statutes. Only the legislature has power to create an additional appellate procedure for partial dismissal of a complaint, information or indictment; this it has not done." 234 Kan. 507, Syl. ¶¶ 1, 2, 4.

The legislature has provided for appellate procedure in K.S.A. 22-3602(b)(1). This statute states in pertinent part:

"Appeals to the supreme court may be taken by the prosecution from cases before a district judge as a matter of right in the following cases, and no others:

(1) From an order dismissing a complaint, information or indictment."

Herein, the trial court did not dismiss the complaint. The trial court only discharged the defendant on one count of a multiple-count complaint. The State voluntarily dismissed another count of the complaint. However, one count of the complaint, consumption of alcohol by a minor (Count III), is still pending in the trial court. There is no statutory authority for this appeal. This appeal is dismissed for lack of subject matter jurisdiction.

Appeal dismissed.