NOT DESIGNATED FOR PUBLICATION

No. 124,733

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RENEE C. JOHNSON-FRITZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GERALD R. KUCKELMAN, judge. Opinion filed
September 9, 2022. Appeal dismissed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Christopher Lyon*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., MALONE and CLINE, JJ.

PER CURIAM: The State of Kansas charged Renee C. Johnson-Fritz with
solicitation to commit capital murder. The State alleged Johnson-Fritz copied a coded
message from a message she had received from her husband Frederick Fritz, an inmate at
one Kansas Department of Corrections facility, and sent it to an inmate in a different
KDOC facility with directions to kill a fellow inmate there. Johnson-Fritz, a Missouri
resident, pleaded guilty to solicitation of capital murder. The district court accepted her
plea and sentenced her to a presumptive prison sentence. Johnson-Fritz appeals, arguing
the district court lacked subject matter jurisdiction to prosecute her because she took no

1

acts in Kansas. Finding that we lack jurisdiction to hear this appeal under K.S.A. 2021 Supp. 22-3602(a), we dismiss the appeal.

*Factual and Procedural Background*

In January 2021, the State charged Johnson-Fritz with solicitation of capital murder of a KDOC inmate at the Lansing Correctional Facility, a violation of K.S.A. 2018 Supp. 21-5303 and K.S.A. 2018 Supp. 21-5401(a)(3). The State presented evidence at the preliminary hearing that sometime between March 21 and April 19, 2019, Johnson-Fritz, who was not in custody, forwarded a message from Frederick Fritz in El Dorado to Andrew Hogue in Lansing to "erase" KDOC inmate James Dean. Hogue and fellow inmate Lee Jacobs attacked Dean, inflicting more than 20 stab wounds to his chest and torso, but Dean survived. Special Agent James Griffitts testified that Fritz and Hogue were both members of the Aryan Brotherhood and that Johnson-Fritz was a female member of the Aryan Brotherhood known as a "Featherwood."

In October 2021, Johnson-Fritz pleaded guilty to solicitation of capital murder. K.S.A. 2018 Supp. 21-5303(a) defines solicitation as the "commanding, encouraging or requesting another person to commit a felony, attempt to commit a felony or aid and abet in the commission or attempted commission of a felony for the purpose of promoting or facilitating the felony." The district court accepted her plea, finding it was freely and voluntary made, and found her guilty. In December 2021, the district court sentenced Johnson-Fritz to a presumptive sentence of 55 months in the KDOC based on her criminal history score.

Johnson-Fritz timely appeals, arguing solely that the district court lacked subject matter jurisdiction over her. She contends that the facts show that she acted only in Missouri, where she lives, and that if she sent any messages or letters to Hogue, she did not send them *from within* the State of Kansas. But our court's territorial jurisdiction in

2

criminal cases, established in K.S.A. 2018 Supp. 21-5106(a), extends to some acts taken outside the state of Kansas. As relevant here, this statute states:

"(a) A person is subject to prosecution and punishment under the law of this state if:
(1) The person commits a crime wholly or partly within this state; [or]
(2) being outside the state, the person counsels, aids, abets or conspires with another to commit a crime within this state." K.S.A. 2018 Supp. 21-5106(a).

*Do we have appellate jurisdiction to address the merits of Johnson-Fritz' claim?*

Before we reach Johnson-Fritz' argument, we must consider the State's argument that this court lacks jurisdiction to review Johnson-Fritz' claim in this direct appeal.

Foregoing a response to the merits of Johnson-Fritz' argument, the State contends that because Johnson-Fritz pleaded guilty, she cannot claim lack of subject matter jurisdiction in a direct appeal—rather, her sole means of relief is by a K.S.A. 60-1507 motion. The State relies on the plain language of K.S.A. 2021 Supp. 22-3602(a): "No appeal shall be taken by the defendant from a judgment of conviction before a district judge upon a plea of guilty or nolo contendere, except that jurisdictional or other grounds going to the legality of the proceedings may be raised by the defendant as provided in K.S.A. 60-1507."

The general rule of this statute prohibits this court from exercising jurisdiction over a direct appeal after a defendant has pleaded guilty. *State v. Hall*, 292 Kan. 862, 866, 257 P.3d 263 (2011). But should this rule apply when a direct appeal argues solely that the district court lacked subject matter jurisdiction? For if a district court lacks subject matter jurisdiction over a defendant, that defendant's guilty plea would be void and thus would not trigger the jurisdictional bar in K.S.A. 2021 Supp. 22-3602(a). See *State v. Bickford*, 234 Kan. 507, 508-09, 672 P.2d 607 (1983).

3

Our court has addressed this issue twice. In *State v. Terrell*, No. 122,480, 2021 WL 1589305 (Kan. App. 2021) (unpublished opinion), *rev. denied* 315 Kan. 971 (2022), Terrell pleaded guilty then appealed, asserting that the district court lacked subject matter jurisdiction to convict and sentence him. A panel of this court, relying on K.S.A. 2020 Supp. 22-3602(a), found Terrell challenged the sufficiency of the evidence to convict him and that "[b]ecause Terrell pled guilty, we lack jurisdiction to review his claim on appeal. Accordingly, we dismiss Terrell's lack of jurisdiction claim." 2021 WL 1589305, at *2.

Another panel similarly found that "[t]he plain language of K.S.A. 2018 Supp. 22-3602(a) appears to bar Briones' attempt to challenge the district court's venue and overturn his conviction in this direct appeal following his guilty plea." *State v. Briones*, No. 119,760, 2019 WL 3980652, at *3 (Kan. App. 2019) (unpublished opinion). There, the defendant argued that an exception applied to the general rule barring a direct appeal after a guilty plea because he challenged the district court's subject matter jurisdiction. But the panel rejected that claim:

> "K.S.A. 2018 Supp. 22-3602(a) expressly provides 'that jurisdictional or other grounds going to the legality of the proceedings may be raised by the defendant as provided in K.S.A. 60-1507.' So Briones has two paths to bring his venue claim before the court. First, he could file a motion to withdraw his guilty plea, and if it was denied, he could appeal that decision to this court. Second, he could file a K.S.A. 60-1507 motion, and any decision in that action would be subject to appellate review.
>      . . . .
> "The plain language of K.S.A. 2018 Supp. 22-3602(a) appears to bar Briones' attempt to challenge the district court's venue and overturn his conviction in this direct appeal following his guilty plea. Nevertheless, in this unpublished opinion, we will assume without deciding that we have appellate jurisdiction to address Briones' first issue on appeal." 2019 WL 3980652, at *3.

The State contends that the Kansas Supreme Court definitively answered this question in *State v. Smith*, 311 Kan. 109, 118, 456 P.3d 1004 (2020), finding no "subject

matter exception" to the general rule that a guilty plea bars a direct appeal. There, Smith challenged his convictions after his plea, arguing on direct appeal that the district court lacked jurisdiction to render them. Our Supreme Court examined the language of K.S.A. 2018 Supp. 22-3602(a)—"'[n]o appeal shall be taken by the defendant from a judgment of conviction before a district judge upon a plea of guilty or nolo contendere, *except that jurisdictional or other grounds going to the legality of the proceedings may be raised by the defendant as provided in K.S.A. 60-1507.*'" (Emphasis added.) 311 Kan. at 112. It found the italicized phrase unclear because it had two possible meanings. 311 Kan. at 113.

First, the statute could be interpreted to create appellate jurisdiction over appeals from guilty or nolo contendere pleas as long as a defendant is challenging the conviction or sentence based on jurisdiction, the legality of the proceedings, or any of the claims permitted under K.S.A. 60-1507. But the Kansas Supreme Court rejected that interpretation because it renders meaningless some statutory language. *Smith*, 311 Kan. at 114.

The Kansas Supreme Court thus adopted the second way to read K.S.A. 22-3602(a)—as prohibiting appeals from pleas but ensuring that "'prisoner[s] in custody'" are still able to file motions under K.S.A. 60-1507 in the district court and appeal rulings on that motion. K.S.A. 60-1507. It found this construction correctly captures the Legislature's intent. *Smith*, 311 Kan. at 115. After reviewing the legislative history, the court concluded that "under K.S.A. 22-3602(a), Smith would have been free to challenge his convictions via a motion in the district court pursuant to K.S.A. 60-1507, but . . . the Court of Appeals did not have jurisdiction to hear his complaints in a direct appeal from his plea." 311 Kan. at 118-19.

The Kansas Supreme Court in *Smith* also quoted *Hall*, 292 Kan. at 866, which explained that "[a] defendant cannot take a direct appeal from a conviction flowing from

a guilty plea. The right to take such a direct appeal is one of the rights surrendered, usually in both a written plea agreement and in open court when the plea is entered." 292 Kan. at 866. In *Hall*, the court noted that the defendant could have moved to withdraw his plea in the district court, and the court would have had jurisdiction to review an appeal from a denial to withdraw a plea. But, a "guilty plea without a subsequent motion to withdraw in the district court deprives us of appellate jurisdiction." 292 Kan. at 867.

Based on these authorities, we lack jurisdiction to reach the merits of Johnson-Fritz' appeal. Under K.S.A. 2021 Supp. 22-3602(a), Johnson-Fritz would have been free to challenge her conviction by filing a K.S.A. 60-1507 motion in the district court, but this court lacks jurisdiction to hear her complaint in this direct appeal from her guilty plea.

Appeal dismissed.