No. 51,622

STATE OF KANSAS, *Appellant,* v. FLOYD CALVIN PUCKETT, PETROLEUM PRODUCERS, INC., A KANSAS CORPORATION, *Appellees.*

(610 P.2d 637)

Opinion filed May 10, 1980.

*R. Michael Jennings,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Vern Miller,* district attorney, were with him on the brief for the appellant.

*Daniel S. Garrity,* of Hylton, Garrity & Stevens, of Wichita, argued the cause and was on the brief for the appellees.

The opinion of the court was delivered by

McFARLAND, J.: Defendant Floyd Calvin Puckett entered pleas of *nolo contendere* to ten counts of violation of the Kansas Securities Act (now K.S.A. 1979 Supp. 17-1252 *et seq.*). The pleas were accepted and defendant was found guilty thereon. Prior to sentencing, defendant filed a motion to withdraw his *nolo contendere* pleas. The motion was sustained and the case was again placed on the jury trial calendar. The State filed its notice of appeal from said order.

We must first determine whether this court has jurisdiction to hear the appeal herein. The State contends its appeal is proper pursuant to K.S.A. 1979 Supp. 22-3602 in that the order was an arrest of judgment or, alternatively, that the appeal involves a question reserved. K.S.A. 1979 Supp. 22-3602, in relevant part, provides:

"(b) Appeals to the supreme court may be taken by the prosecution from cases before a district judge or associate district judge as a matter of right in the following cases, and no others:

"(1) From an order dismissing a complaint, information or indictment;

"(2) From an order arresting judgment;

"(3) Upon a question reserved by the prosecution."

Appeals by the prosecution, as a matter of right after a final judgment, are allowed only in the three situations set forth in K.S.A. 1979 Supp. 22-3602(*b*) and no others. *State v. Crozier,* 225 Kan. 120, 587 P.2d 331 (1978).

K.S.A. 22-3502 sets out the procedural requirements for an arrest of judgment as follows:

"The court on motion of a defendant shall arrest judgment if the complaint, information or indictment does not charge a crime or if the court was without jurisdiction of the crime charged. The motion for arrest of judgment shall be made within 10 days after the verdict or finding of guilty, or after a plea of guilty or *nolo contendere,* or within such further time as the court may fix during the 10-day period."

The history and effect of arrests of judgment are discussed in *Crozier* at 123. Clearly, the order permitting defendant to withdraw his *nolo contendere* pleas and setting the matter for jury trial is not an arrest of judgment pursuant to K.S.A. 22-3502.

Alternatively, the State contends the appeal herein is proper, pursuant to K.S.A. 1979 Supp. 22-3602(*b*), as a question reserved. The requirements for appeals on questions reserved are discussed in *Crozier* at 123-124. Inherent in appeals as a matter of right by the prosecution is the element that the trial court has entered final judgment in the case. An appeal on a question reserved is permitted to provide an answer which will aid in the correct and uniform administration of the criminal law. A question reserved by the State will not be entertained on appeal merely to demonstrate errors of a trial court in rulings adverse to the State (*Crozier* at 123). Questions reserved presuppose that the case at hand has concluded, but that an answer is necessary for proper disposition of future cases which may arise. No final judgment has been entered in the case before us.

It is clear that the appeal herein is interlocutory in character and, accordingly, is governed by K.S.A. 1979 Supp. 22-3603, which provides:

"When a judge of the district court, prior to the commencement of trial of a criminal action, makes an order quashing a warrant or a search warrant, suppressing evidence or suppressing a confession or admission an appeal may be taken by the prosecution from such order if notice of appeal is filed within ten (10) days after entry of the order. Further proceedings in the trial court shall be stayed pending determination of the appeal."

The appeal herein does not come within any of the situations set forth in 22-3603 and, accordingly, an interlocutory appeal is not available to the State. Inasmuch as no statutory basis for the appeal is shown, this court is without jurisdiction to hear the appeal and the appeal must be dismissed.

The appeal is dismissed.

HOLMES, J., not participating.